GEORGE H. SELLECK & another *vs.* JAMES S. GARLAND.

Suffolk.     November 9, 1903. — January 7, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Evidence,* Burden of proof.  *Payment.  Practice, Civil,* Exceptions.  *Evidence,* Best and secondary.

Where a plaintiff sues under an assignment held by him as security for a judgment, if the defendant relies on a payment of the judgment this is matter of defence which he must allege and prove.

Where a plaintiff, seeking to prove that the defendant's title to certain real estate had been confirmed by a judgment, called the defendant as a witness and the defendant admitted the fact without objection or exception, it was held not to be open to the defendant in this court to raise the point that his title by judgment being a matter of record could not be proved by his oral admission.

CONTRACT, on a contract in writing between Nathan M. Garland and others on the one part and the defendant on the other part, and assigned in writing by Nathan M. Garland to the plaintiffs as collateral security for the payment of a certain judgment in a city court of New York in favor of the plaintiffs against Nathan M. Garland for $677.78.  Writ in the Municipal Court of the City of Boston dated April 26, 1902.

On appeal to the Superior Court the case was tried before *Lawton,* J., without a jury.  The contract sued upon was dated in September, 1895, and was between John T. Garland, Jenny G. Hosmer and Nathan M. Garland, parties of the first part, and James S. Garland, party of the second part.  It recited that one Smith had brought a suit in the State of Missouri

against all the parties to the contract to set aside a deed to them of certain real estate in the city of St. Louis, and that the parties of the first part had conveyed to the defendant all their interest in the property and authorized him to defend the suit in their names, and the defendant agreed "that he will well and truly pay to said John, Jenny and Nathan respectively, the sum of one thousand dollars each, in good and lawful money of the United States, with all convenient speed after the title of said property shall have been confirmed and possession thereof been given to the said James S. Garland, his heirs or assigns, or in case of a compromise and settlement."

The ruling asked for by the defendant's second request, referred to by the court, was as follows: "That said assignment was not an absolute but was a qualified assignment conditional upon the non-payment of the judgment referred to therein; and there is no evidence that said judgment against said Nathan M. Garland has not been paid. Therefore the court rules that plaintiffs cannot recover in this action." The plaintiffs did not allege in their declaration that the judgment referred to in the assignment had not been paid, and no evidence on this point was introduced at the trial. The judge refused the request.

The ruling asked for by the defendant's sixth request, referred to by the court, was as follows: "That this defendant's title was not confirmed and possession of said real estate was not given to him until the first of October, 1901, and that at the time of this assignment and of the demand made upon him thereunder, to wit, on or about the first of March, 1902, a reasonable time had not elapsed in which to pay said one thousand dollars to said Nathan M. Garland." The judge refused this request.

The judge found for the plaintiffs in the sum of $933; and the defendant alleged exceptions.

*W. H. Garland,* for the defendant.

*T. J. Barry,* for the plaintiffs, submitted a brief.

LATHROP, J. The only questions argued before us are the refusal of the judge to give the second and sixth requests for instructions. The assignment was given as collateral security for the payment of a judgment. The gist of the second request is that there was no evidence that the judgment was not paid. A *prima facie* case having been made out by the plaintiffs, they

were entitled to recover, unless the defendant showed that the judgment had been paid. Payment is a matter of defence, and if relied on by the defendant must be alleged and proved. *Hilton* v. *Smith*, 5 Gray, 400. *Noxon* v. *De Wolf*, 10 Gray, 343, 348. *Clark* v. *Murphy*, 164 Mass. 490.

The gist of the sixth request is that a reasonable time had not elapsed in which to pay the money. By the terms of the assignment, the money was to be paid "with all convenient speed" after the title to the property was confirmed, and possession given to the defendant.

We are of opinion that on the evidence there was enough to show that there was a breach of the agreement on the part of the defendant.

At the argument of the case the defendant contended that the confirmation of his title being by a judgment was a matter of record, and that his admission as to his title to the real estate could not be received in place of the record. The answer to this is that no such point was raised in the court below, or exception taken to the admissibility of the evidence of the defendant, who was called as a witness by the plaintiffs.

*Exceptions overruled.*