ALBERT CRABTREE *vs.* BAY STATE FELT COMPANY.

Suffolk.   March 5, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract,* Of employment.   *Agency,* Employee's duty of obedience.

At the trial of an action against a corporation for breach of a contract in writing for employment of the plaintiff by the defendant as general superintendent of its factory for three years, through his discharge within four months, it appeared that the plaintiff had refused to attend a meeting of the defendant's board of directors and that thereafter the defendant discharged him, and there

was evidence that the plaintiff's refusal to appear before the directors was not the real reason for his discharge but a pretext seized upon by the directors to justify them in putting an end to a contract which for other reasons they desired to terminate, that relations were strained between the plaintiff and the defendant's board of directors, that the meeting of the directors was held in a city thirty-two miles distant from the factory in the law office of the defendant's counsel and apparently was not called for a conference but to subject the plaintiff to an examination by the attorney and that the notice of the meeting to the plaintiff did not state its purpose; and there was no evidence that any provision of the contract of employment or any rule or custom required the plaintiff to attend meetings of the defendant's directors. The judge refused to grant a request of the defendant for a ruling, in substance that, if the plaintiff refused to appear before the defendant's board of directors after sufficient notice, such refusal justified his discharge and barred the plaintiff from recovering on the contract. *Held,* that the refusal was proper, as the ruling requested assumed the existence of facts in dispute on the evidence, namely, that the real cause of the discharge was the refusal to attend the meeting and that under the circumstances the refusal was so serious a breach of duty as to warrant the discharge.

CONTRACT for breach of a contract in writing whereby the defendant agreed to employ the plaintiff as general superintendent of its factory for three years. Writ dated December 3, 1913.

In the Superior Court the case was tried before *Brown,* J. The material evidence and the exceptions of the defendant are described in the opinion. The jury found for the plaintiff in the sum of $4,467.07; and the defendant alleged exceptions.

*John Wentworth,* for the defendant.

*V. P. Sipprelle,* for the plaintiff.

DE COURCY, J. The plaintiff had a written contract of employment as general superintendent of the defendant's felt factory and business at Westborough, for a period of three years beginning on August 1, 1913. He was formally discharged by a vote of the directors on November 25, 1913; and in this action for breach of the contract he obtained a verdict. The defendant's only exception is to the judge's refusal to give the following request: "3. If the plaintiff refused to appear before the board of directors of the defendant corporation when given sufficient notice to do so, then the refusal justified the defendant in discharging the plaintiff and the plaintiff cannot recover upon the contract."

This request embodies two elements: first, an assumption that the plaintiff's refusal to appear before the directors was the reason for his discharge, and second, a conclusion that this refusal warranted his summary dismissal. As to the first, it cannot be said

that the facts were undisputed. In the vote declaring the contract terminated the directors based their action on several grounds, namely: that the superintendent "was guilty of fraud and misrepresentation in obtaining his contract with the company," and that "he has violated and broken his contract with the company by failing to appear before the board of directors when requested, and in other respects." There are facts in the record which indicate that the plaintiff's refusal to appear before the directors was not the real reason for which he was discharged, but that the board seized upon this as a pretext to justify them in putting an end to a contract which, for other causes, they desired to terminate. The judge could not properly adopt the assumption that the real ground for the discharge was disobedience of orders, and he rightly submitted this issue of fact to the jury.

As to the second element: on the facts disclosed in this case the judge could not rule as matter of law that the refusal of the plaintiff to appear before the directors was such a wilful disobedience of a reasonable order, or so serious a breach of his contract of employment, as to justify his summary discharge. Presumably it is the duty of the ordinary factory superintendent, upon a reasonable notice, to attend a meeting of the board of directors at which his presence is necessary for the proper conduct of the business. But whether the refusal to obey such an order will amount to insubordination such as would justify the discharge of an employee may depend upon the reasonableness and importance of the order when given, the degree of discretion entrusted to the employee or required by the nature of his work, the urgent necessity of giving his personal attention to some other part of his work at the time, or other circumstances of the particular case. Not every trivial breach of duty will warrant putting an end to the contract before the appointed time. In the case at bar it is apparent that relations were strained between the plaintiff and the directors. It appears that the superintendence of the factory had been practically taken away from him; and that his salary was in arrears since the first week of October. About a week before November 25, he had received notice, at 11 o'clock in the forenoon, of a meeting that was to be held at 10 o'clock in the forenoon of the day of that notice; and the president of the defendant company intentionally gave the plaintiff no information

as to the purpose of either meeting. The meeting of November 25 was not to be held in Westborough, but in Boston, thirty-two miles distant. There was no evidence of any rule or custom requiring the plaintiff to attend meetings at Boston or even in Westborough; and the written contract makes no reference to them. This meeting was not held in the office of the defendant but in the law office of its counsel, and apparently was called not for an ordinary business conference between directors and superintendent, but in order to subject the plaintiff to an examination by the defendant's attorney. After consulting counsel as to his rights he decided not to attend.

Ordinarily, where there is no dispute as to the facts, the sufficiency of the cause for which the employee was discharged is a question for the court. But in this case the cause of the plaintiff's discharge was in dispute, or equivocal, and the sufficiency of the alleged cause was a question for the jury for the reasons already stated. It follows that the judge rightly refused to give the ruling requested. *Dunton* v. *Derby Desk Co.* 186 Mass. 35. *Casavant* v. *Sherman*, 213 Mass. 23. *Shaver* v. *Ingham*, 58 Mich. 649. *Hamilton* v. *Love*, 152 Ind. 641. *Green* v. *Somers*, 163 Wis. 96. Ann. Cas. 1916 A 1040, note.

*Exception overruled.*