### FRANK E. MCINTOSH *vs*. FRANK P. ABBOT.

Worcester.    October 1, 1918. — October 10, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Agency*, Duty of respect to employer.

Although an employee rightly may be discharged for disrespectful words or con-
duct, his employer has not an absolute right to discharge him for disrespect
and rudeness arising from an innocent misunderstanding of facts and not
amounting to insubordination.

CONTRACT for the alleged breach of an agreement to employ
for one year the plaintiff as a farm hand and his wife in the house
on the defendant's farm. Writ in the Second District Court of
Eastern Worcester dated May 3, 1916.

The declaration was as follows: "And the plaintiff says that
on April 1, 1915, he entered into an oral agreement with the
defendant by which the plaintiff was to do general farm work for
the defendant for a term of one year and was to provide the
services of his wife in general work about the defendant's house
in so far as such services were needed; and in consideration thereof
the defendant was to pay the plaintiff sixty (60) dollars per month
and was to furnish the plaintiff with board and lodging for him-
self, his wife and two children for the term of one year from
April 1, 1915, which said board and lodging was worth sixty dollars
additional per month; that on or about August 1, 1915, the defend-
ant without right discharged the plaintiff and caused himself, his
wife and children to remove from the defendant's premises, thereby
breaking his agreement with the plaintiff; that thereby the plaintiff
has been damaged in the sum claimed in his writ."

On appeal to the Superior Court the case was tried before
*Sanderson*, J., without a jury. The evidence and the findings of
the judge are described in the opinion. At the close of the evi-
dence the defendant asked the judge to make the following
rulings and findings:

"1. Upon all the evidence in the case the plaintiff is not entitled
to recover."

"5. On all the evidence in the case the plaintiff has failed to prove that he was wrongfully discharged by the defendant.

"6. Even if the court should find a contract of employment for a definite period of time, in order to recover, the plaintiff must show that at all times during his employment he acted in a respectful and proper manner towards the defendant.

"7. On all the evidence it appears that on or about July 26, 1915, the plaintiff used disrespectful and insulting language to the defendant."

"13. On all the evidence the defendant is entitled to a finding and ruling in his favor."

The judge refused to make any of these rulings or findings. The defendant also asked the judge to make the following ruling:

"9. Even if the court should find a contract of employment for a definite period of time, if the plaintiff while a servant or employee of the defendant indulged in either disrespectful or insulting language or both toward the defendant, the defendant was justified in discharging the plaintiff."

The judge refused to make this ruling as to disrespectful language but made the ruling as requested as to insulting language.

The judge made the findings that are described in the opinion and found for the plaintiff in the sum of $508.35. The defendant alleged exceptions.

*P. A. Atherton*, for the defendant.

*G. E. O'Toole*, for the plaintiff.

RUGG, C. J. This is an action to recover damages for breach of an agreement by the defendant to employ the plaintiff to work on a farm for one year at stipulated wages for himself and wife, and to furnish the plaintiff with rooms and board for himself, his wife and two children, all living in the house with the defendant and his sister. The plaintiff was discharged under these circumstances: Somewhat late on a July night the defendant came into the house with his sister and guests and made considerable unnecessary noise in closing doors and otherwise, whereby the sleep of the plaintiff and his wife was disturbed. Similar noises had been made late on other nights by the defendant, although without intention and without a purpose to annoy or disturb the plaintiff. Thereupon the plaintiff called from the second floor to the defendant in a loud and angry voice, "Mr. Frank, I wish

you would not slam doors so much. If you people want us to get out of here, come and tell us straight. You have been slamming doors for two weeks." The sister and guests of the defendant heard the scolding voice but not the words spoken. The defendant replied, "You could be more polite about it." The next day the defendant said to the plaintiff, "I expect that apology from you for the way you bellowed at me last night. If you do not apologize, you will hear from me to-morrow." Later in the day the plaintiff came upon the piazza and said to the defendant, who was sitting there with his brother and sister, "You speak your piece first. I can't apologize; I can't get down on my knees to any man." The defendant thereupon discharged the plaintiff. After stating the finding of these facts, the record is in these words: "The defendant stated in a letter of recommendation given the plaintiff in September, 1915, that the plaintiff's work had been 'excellent — careful and conscientious.' The court finds that the tone and words used by the plaintiff on the night of July 25 were not respectful to the defendant. The provocation under which the plaintiff was then acting explains, although it does not justify the plaintiff's remarks. The words addressed to the defendant by the plaintiff on the piazza next day were not respectful. The plaintiff had not been invited to come upon the piazza, but the matter of apology or what would follow if no apology were made, was left open at a previous interview and the plaintiff was justified in going to the defendant to have the matter settled. His statements at this time are explained, though not justified, by the fact that he felt that the apology had been unjustly demanded of him. The court finds that the words or conduct of the plaintiff did not on either occasion amount to acts of insubordination. The court finds that the language of the plaintiff, upon the facts found herein, did not justify the defendant in discharging the plaintiff because of his refusal to apologize therefor."

The facts as found must be accepted as true. The only question is whether as matter of law on these facts, with all inferences rationally to be drawn therefrom, the finding of the judge in favor of the plaintiff can stand.

The relation of master and servant imposes upon each, touching the work to be performed, the duty to be reasonably respectful to the other both in words and behavior, and to refrain from

insolent or imperious conduct. Among the obligations resting upon the servant as an implied term of the contract is that he shall not be insubordinate but shall show just regard for the rights and person of the employer. The reciprocal obligation of the master is that he shall not be arrogant or excite resentment, or wantonly wound the feelings of his employee. But petty annoyances and trifling irritations are likely in many kinds of employment. Not every act of discourtesy or every slight disrespect justifies a termination of the relation. Insubordination imports a wilful disregard of express or implied directions and refusal to obey reasonable orders. When this is established, it is such a breach of duty on the part of the servant as to warrant his discharge.

The words of the plaintiff, while lacking in ordinary politeness on both occasions, did not amount to insubordination. They were a breach of courtesy, but did not indubitably manifest a disposition not to perform his contract. No order respecting his work was disregarded. He was acting under some provocation due to the conduct of the defendant, which, although unintentional, might have been construed as designed to cause annoyance. The statement by the defendant that the plaintiff must apologize was not an order as to work. It was rather the interpretation put by the defendant upon the gravity of the conduct of the plaintiff. The refusal of the plaintiff to follow this suggestion was not necessarily insubordination. Both the demand and the refusal rested in part upon a construction of the motive which prompted the spoken words. Apparently, from the facts found by the judge, there was misunderstanding in this respect by each party. Persons living under the conditions here disclosed, when innocent misunderstandings or other stress arise, may be obliged to exercise some forbearance toward each other. Doubtless a servant may be discharged rightly for disrespectful words or conduct. Hasty utterance of the nature here disclosed touching a single matter is not necessarily a breach of contract or a sufficient ground for ending it. Whether the language used by the plaintiff and his manner under all the circumstances were sufficient basis for his discharge, so far as it is a question of fact, has been decided adversely to the defendant. It does not appear upon this record that by the refusal to grant requests for rulings or otherwise, the

judge misdirected himself in any matter of law. No error of law is disclosed. *Crabtree* v. *Bay State Felt Co.* 227 Mass. 68.

*Exceptions overruled.*