ANNIE MERCIER, administratrix, *vs.* UNION STREET RAILWAY
COMPANY.

Bristol.    October 27, 1919. — November 24, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Conduct of trial: special question to jury; Exceptions. *Negligence,*
Street railway, Causing death. *Evidence,* Presumptions and burden of proof,
Of presence of light on street car.

Whether or not special questions shall be submitted to a jury at the trial of an action
of tort rests wholly within the discretion of the trial judge; and an exception to
a refusal to do so must be overruled.

At the trial of an action by an administratrix against a street railway company for
causing the death of the intestate, it appeared that the intestate at night had
alighted from a street car of the defendant, had passed to its rear and was cross-
ing double tracks when he was struck and killed by a car coming from the direc-
tion toward which the car from which he had alighted was going.    The plaintiff
contended that the ordinary headlight, as distinguished from the searchlight,
and a lantern on the front end of the car which struck the intestate were not
lighted, and the defendant asked for, and the judge refused to give, a ruling
that there was no evidence to that effect.    Three men, who had alighted with
the intestate and had preceded him across the tracks and were in positions on
the tracks to discern easily what lights were on the approaching car, all realized
the perilous position of the intestate and two of them tried to warn him.    They
testified that they did not see the lights upon the car although two of them
testified that they had seen its searchlight before it was turned off.    *Held,* that
it was proper to refuse to give the ruling asked for by the defendant.

It appeared that the action above described was for causing a death after St. 1914,
c. 553, went into effect.    The evidence was not sufficient to have warranted a
finding of due care of the plaintiff's intestate if the statute had not been in
effect.    The evidence was conflicting upon the questions, whether, just before
the accident, there were any lights upon the front of the car which struck the
intestate, whether, if there were lights inside the car, they could have been
seen by the intestate, whether the intestate should have heard the noise of the
approaching car or was prevented from doing so by the noise of the car which
he had just left, whether a gong or whistle was sounded on the approaching
car, whether he heard the warning given by his fellow travellers and whether
he looked in the direction of the approaching car.    *Held,* that the question,
whether negligence of the intestate contributed to the death, was for the jury.

Exceptions to the admission of immaterial evidence will not be sustained, where
it appears that the judge instructed the jury in substance that he should ex-
clude the evidence, and the exceptions were not argued by the excepting party
in this court.

TORT by the administratrix of the estate of Joseph Mercier, with a declaration, as amended, in eight counts, the seventh and eighth counts, the only ones relied on at the trial, being for causing the death of the plaintiff's intestate on May 20, 1916. Writ dated June 14, 1916.

The case previously was before this court, when exceptions by the plaintiff to the ordering of a verdict for the defendant were sustained in a decision reported in 230 Mass. 397.

The case was tried again in the Superior Court before *J. F. Brown*, J. The material evidence at this trial is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The defendant also requested that certain specific questions be submitted to the jury. This request was denied. The following rulings also were asked for by the defendant and were denied:

"9. The plaintiff is not entitled to recover under count seven of her declaration."

"13. The plaintiff is not entitled to recover under the eighth count of her declaration."

"29. There is no evidence that the ordinary headlight as distinguished from the searchlight, and that the lantern on the front end of the car which struck the plaintiff's intestate were not lighted at the time of the accident."

The jury found for the plaintiff in the sum of $5,857.50; and the defendant alleged exceptions.

*D. E. Hall*, for the defendant.

*C. R. Cummings*, (*J. W. Nugent & J. W. Cummings* with him,) for the plaintiff.

CROSBY, J. This is an action brought under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, by the administratrix of the estate of Joseph Mercier, to recover for his death.

The deceased, who had been a passenger on a car of the defendant from Fall River, with three other passengers alighted on a dark night in a sparsely settled neighborhood at a place known as Howland's Crossing, in Westport. The highway at this point was north of the double track of the defendant; the crossing, consisting of planks against the rails, led from the highway to a lane where there were some camps, and at the time of the accident the deceased was attempting to cross the tracks and highway to the

lane where the camps were located. The car on which he was a passenger was going in an easterly direction; and when it reached the crossing he alighted, walked to the rear, and proceeded to cross the east and west bound tracks. He was struck by a west bound car of the defendant and instantly killed. The case was previously considered by this court in 230 Mass. 397.

1. The defendant requested the presiding judge to submit six special questions to the jury; the request was refused and the defendant excepted. It is well settled that while the submission of such questions is not uncommon and is sometimes held to be a convenient practice, still it is a matter within the discretion of the court; accordingly this exception must be overruled. *Florence Machine Co.* v. *Daggett*, 135 Mass. 582.

2. The defendant excepted to the refusal of the judge to give its twenty-ninth request, that "There is no evidence that the ordinary headlight as distinguished from the searchlight, and that the lantern on the front end of the car which struck the plaintiff's intestate were not lighted at the time of the accident." The evidence on this question, introduced by the plaintiff, appears in the testimony of the witnesses Tolley, Gagnon and Howland, the three passengers who with the deceased alighted from the car at the crossing. Tolley testified that he did not see any lights on the car, that as he turned around he was looking toward the crossing. He was then asked, "Did anything go by there with any lights on that you saw?" His answer was, "No, sir, didn't see any lights at all." He testified on cross-examination that he saw a rear light on the end of the car; and that the inside of the car was lighted up just the same as usual; that he did not see the front of the car that night and did not know whether the headlight on the front of the car was lighted or not at the time of the accident. Gagnon was asked, "Were there any lights on that car that picked Mercier up?" His answer was, "No, sir, not that I noticed." On cross-examination he testified that before the car reached the crossing "that he could see plainly and clearly the headlight on the car that was coming toward Fall River, namely, the big arc headlight;" that after alighting and when about fifteen feet from Mercier, he turned and shouted to him; and that the latter was struck just as he (Gagnon) shouted. Howland testified that as he and the other passengers, including Mercier, alighted from the

car he glanced down the track toward New Bedford and saw "the big light of this car coming up;" that as soon as he saw that Mercier was going to cross the track "he shouted to him not to cross, there was a car coming;" that Mercier was about thirty feet from him and did not seem to hear him; that the car from which he had alighted had started up at that time and was making the usual amount of noise; that it was quite dark; that he could "just see the form of this man going ahead of [him]. . . ." He testified on cross-examination that he did not notice whether or not there were any other lights on the front of the car except the arc head-light; on redirect examination he testified, it was so dark "you could just discern the shadow of a man;" that he did not notice any light on the car coming from New Bedford except the arc light.

The evidence upon the question whether there were any lights on the front of the car which struck the deceased other than the arc light was conflicting, but in dealing with the defendant's request, the evidence most favorable to the plaintiff must be considered. Upon careful examination of all the evidence we are of opinion it could not have been ruled that it was not affirmatively shown that the ordinary headlight and lantern on the front of the car were not lighted. The witnesses Tolley, Gagnon and Howland, who testified that they did not see or notice any lights on the forward end of the car other than the searchlight, were in positions where they could easily have seen what lights were on the car; they realized the perilous position of the deceased, and both Gagnon and Howland tried to warn him of the danger; their whole attention was closely directed to the surrounding circumstances and it is manifest that their testimony raised a question of fact for the jury. In this respect the case is clearly distinguishable from *Hubbard* v. *Boston & Albany Railroad,* 159 Mass. 320, and similar cases, and is governed by *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532, *Daniels* v. *New York, New Haven, & Hartford Railroad,* 183 Mass. 393, 396, *Dalton* v. *New York, New Haven, & Hartford Railroad,* 184 Mass. 344, *McDonald* v. *New York Central & Hudson River Railroad,* 186 Mass. 474, *Slattery* v. *New York, New Haven, & Hartford Railroad,* 203 Mass. 453.

3. It is plain that the evidence recited in the record would not be sufficient to warrant a finding that the deceased was actively and actually in the exercise of due care, in the absence of St. 1914, c. 553. *O'Brien* v. *Boston Elevated Railway*, 217 Mass. 130. *Adams* v. *Boston Elevated Railway*, 219 Mass. 515. *Mercier* v. *Union Street Railway, supra.* The statute places the burden of proving contributory negligence on the defendant, and while in some circumstances it may be ruled that the burden has been sustained, *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, we are of opinion that on this record such ruling could not properly have been made. The question was one of fact for the jury to determine. Whether there were other lights on the car after the arc or searchlight had been turned off by the motorman, or the lights inside the car (if there were any) could have been seen by the deceased, whether the noise of the approaching car ought to have been heard by him or he was prevented from hearing it by reason of the noise of the car from which he had alighted, whether the gong or whistle was sounded or he heard the warning given by Gagnon and Howland, and whether he looked in the direction of the approaching car, all were questions of fact to be determined by the jury in deciding if carelessness on his part contributed to the accident. *Mercier* v. *Union Street Railway, supra,* and cases cited.

4. The evidence as to the conduct of the motorman was substantially the same as at the first trial. This court in the former decision held that it presented a question of fact for the jury and the defendant does not now argue to the contrary. In passing upon this question in the previous decision, it was said at page 405: "It hardly could have been ruled as matter of law under these circumstances that it was not negligent for a motorman, so blinded by the lights of automobiles near by that he could not see clearly, to proceed at the rate of twenty miles per hour after shutting off his headlight."

5. As the plaintiff at the close of the evidence waived all counts except seven and eight, the defendant's ninth and thirteenth requests amount to a request for a ruling that a verdict be directed for the defendant. For the reasons previously stated, neither of these requests properly could have been given.

6. The defendant excepted to the admission of the following

questions put on cross-examination to one Stiller, who was the conductor on the car from which the deceased alighted: "You knew it was your duty to warn them of any cars coming from behind, didn't you? . . . Then you didn't give any warning with reference to the car coming from Fall River, did you?" These questions were followed by others during the cross-examination of the witness along the same line of inquiry. If we assume that the exceptions were properly saved, they cannot be sustained. They are not argued and may be treated as waived. Besides, it appears that the judge stated in substance that he should exclude the evidence as this court had determined that the deceased had ceased to be a passenger when he alighted from the car. *Mercier v. Union Street Railway, supra.* In view of this statement, it must be assumed that the evidence was disregarded by the jury.

*Exceptions overruled.*