ARTHUR HANNEMAN *vs.* I. SHLIVEK AND SONS, INCORPORATED.

Hampden.    February 24, 1920. — March 29, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Contract,* Of employment, Performance and breach. *Practice, Civil,* Ordering verdict. *Evidence,* Competency. *Damages,* For breach of contract.

At the trial of an action for breach of a contract in writing to employ the plaintiff as general manager of a store, the plaintiff agreeing to give "all his undivided time and attention exclusively to the said business," it appeared that the defendant had discharged the plaintiff during the term specified in the contract, and the defendant introduced evidence tending to show justification for the discharge in the fact that the plaintiff had disobeyed certain orders given to him by the defendant. Evidence of the plaintiff tended to show, as to some of the orders, that he had not received them, and, as to another, that his alleged act of disobedience preceded the giving of the order. A motion of the defendant for the ordering of a verdict in his favor was denied. *Held,* that the denial of the motion was right.

At the trial of the action above described, on the issue of damages, there was evidence of the defendant tending to show that, during the unexpired term of the contract, the plaintiff had been in the employ of a merchant and had received money from him. The plaintiff testified that this money was to reimburse him for certain outlays made for the merchant, and that, at the end of a certain period, he was to be paid by the merchant one third of his profits. The defendant excepted to a question asked of the plaintiff, "How did it happen you incurred expenses before beginning your connection with" the merchant's store? *Held,* that the question was competent, as the plaintiff had a right to show that the money paid to him by the merchant was not for services and, therefore, should not be considered in mitigation of damages.

The submission of special questions to a jury at the trial of an action of contract is wholly within the discretion of the trial judge.

CONTRACT upon an agreement in writing for the employment of the plaintiff as a general manager of the defendant's "retail ladies' outfit store" in Springfield, the agreement providing that the plaintiff should give "all his undivided time and attention

exclusively to the said business," and should receive as compensation $50 per week and twenty per cent of the net profits earned in the store. Writ dated June 25, 1917.

In the Superior Court the action was tried before *Irwin,* J. The material evidence is described in the opinion. At the close of the evidence the defendant moved that a verdict be ordered in its favor. The motion was denied. The defendant then asked that certain special questions be submitted to the jury. The request was refused. The jury found for the plaintiff in the sum of $1,458; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. E. Bell, M. Shlivek & S. Wandell,* for the defendant.

*G. H. Hughes & W. G. Brownson,* for the plaintiff.

DE COURCY, J. The plaintiff was hired by the defendant as manager of its Springfield store for the period beginning April 3, 1916, and ending December 31, 1917; was discharged on June 23, 1917, and brought this action for breach of the written contract. The defendant's contention was that the discharge was justified by reason of the plaintiff's alleged violation of his duties under the contract. The jury returned a verdict in favor of the plaintiff for the full amount payable to the end of the contract period.

The principal exception taken by the defendant was to the refusal of the judge to order a verdict in its favor. There were three alleged violations of the contract by the plaintiff on which the defendant relied. The first was his failure to discharge one Mrs. Hubbard, a fitter employed at the store. The testimony of the defendant's president tended to show that he directed the plaintiff to discharge her immediately, because she had taken an afternoon off without permission. On the other hand the testimony of the plaintiff was that the order given him was to try to get another fitter and to get rid of her; that she was the only fitter in the store, and up to the time of his discharge he had been unable to secure another competent to do her work, although he endeavored to do so; and that she was not discharged even by the defendant until some time after he had left its employ. Here was an issue of fact for the jury as to whether the plaintiff disobeyed an order of the defendant. The second alleged violation of duty by the plaintiff was the sale by him of a suit on an order from the Peoples Credit Company. On this issue also the testi-

mony was in conflict. If that on behalf of the defendant were believed, the plaintiff was notified not to do any business with or through the Peoples Credit Company, because of the large discount claimed by it; and nevertheless he approved of a sale made on an order from that company. On the other hand if the jury believed the testimony of the plaintiff, the sale complained of had actually been made before the defendant directed him not to do business with or through the credit company. The third act of the plaintiff complained of was his leaving the store between five and six o'clock one Saturday afternoon in order to go to the barber shop. Here again was a conflict of testimony, the plaintiff testifying that he never had been told not to go out to get a shave during business hours. The law applicable to cases of this character has been stated by this court recently, and need not be repeated. *Farmer* v. *Golde Clothes Shop, Inc.* 225 Mass. 260. *Crabtree* v. *Bay State Felt Co.* 227 Mass. 68. *McIntosh* v. *Abbot,* 231 Mass. 180. See L. R. A. 1918, c. 1030 note. The judge's charge to the jury was not excepted to. Some of the rulings requested by the defendant and given by the judge were altogether too favorable to it. The question whether the discharge was justified was rightly submitted to the jury.

On the issue of damages, it appears that from September following his discharge until the end of the contract period the plaintiff was connected with the store of a furrier named Russek. From exhibits in evidence it appears that he received weekly from Russek the sum of $35, together with the amount of expenses incurred at the store during the preceding week. The contention of the defendant was that this $35 a week was received by the plaintiff as salary, and that it should be deducted from the amount that he might otherwise be entitled to recover in this action. The testimony of the plaintiff was that this $35 a week was not received by him as salary, but as reimbursement for money which he had expended on account of Russek in trips to New York and Hartford for selecting stock, in paying to secure a location for Russek in Springfield, and for other expenditures. He also testified that at the end of the first season in March, 1917, he was to receive one third of the profits; but there was no evidence as to whether or not any profits were made. The exhibits indicate very strongly that the $35 a week was ac-

tually received by the plaintiff as salary for his services. The only exception taken by the defendant in respect to this transaction was to the question "How did it happen you incurred expenses before beginning your connection with the Marcelle store?" Plainly this question was competent, as the plaintiff had a right to show, if he could, that the money received by him from Russek was not for services performed by him during the period covered by his contract with this defendant, and consequently that the defendant was not entitled to have the damages diminished thereby. The arguments now made on behalf of the defendant, that the verdict of the jury was contrary to the instructions given to them, and that it was excessive in amount, might well have been addressed to the trial judge in support of a motion to set aside the verdict; but they are not relevant to any exception that is before us.

The only other exception was to the failure of the judge to submit thirteen special questions to the jury. This was a matter within the discretion of the court. *Mercier* v. *Union Street Railway*, 234 Mass. 85.

*Exceptions overruled.*