## LILLIAN GOLD *vs.* ISAAC SPECTOR.

Suffolk.    December 5, 1923. — December 6, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Performance and breach, Of employment. *Evidence,* Presumption and burden of proof, Admission. *Practice, Civil,* Ordering of verdict.

In an action for breach of an alleged agreement by the defendant to employ the plaintiff for a definite time at specified pay, a defence that the plaintiff was discharged by reason of improper conduct is an affirmative defence by way of confession and avoidance, the burden of proving which rests on the defendant.

It rarely can be ruled as a matter of law that an affirmative defence has been sustained; commonly this must be determined as a question of fact by the tribunal which is determining the facts.

Where, at the trial of an action by a woman for an alleged breach of a contract to employ her for a definite time at specified pay, the defendant contends that the plaintiff was discharged for improper conduct and the plaintiff testifies explicitly and categorically that she performed every obligation imposed on her by the contract, it would be improper to order a verdict for the defendant although the plaintiff on cross-examination gave answers indicative of a refusal to do her work as the defendant wanted, such answers not being as a matter of law binding admissions on the plaintiff entirely nullifying her other testimony, and the question, whether she was justifiably discharged, still being a proper one to submit to the jury.

CONTRACT for breach of an agreement to employ the plaintiff for a definite time at specified pay. Writ dated October 18, 1921.

In the Superior Court, the action was tried before *Callahan,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. The jury found for the plaintiff in the sum of $212.53. The defendant alleged exceptions.

The case was submitted on briefs.

*S. Sigilman,* for the defendant.

*J. P. Walsh, E. M. Dangel & G. F. Grimes,* for the plaintiff.

RUGG, C.J.    The plaintiff seeks in this action to recover damages for breach of a contract made with the defendant

to employ her for a definite time at specified pay. The only question presented is whether there was error in the denial of the defendant's motion for a directed verdict in his favor. There was evidence tending to support the allegations of the plaintiff to the effect that the contract was made and that the plaintiff was discharged by the defendant before its termination.

The only contention now made by the defendant is that it appeared from the plaintiff's testimony that her conduct was so insubordinate as to justify the defendant in discharging her.

Whether the defendant was warranted in discharging the plaintiff before the expiration of the term of employment by reason of her conduct was an affirmative defence by way of confession and avoidance. *McNeil* v. *American Bridge Co.* 196 Mass. 56. *Sayles* v. *Quinn,* 196 Mass. 492, 496. *Wood* v. *Blanchard,* 212 Mass. 53. The burden of proof on this point rested on the defendant. *Davis* v. *Jenney,* 1 Met. 221. *Selleck* v. *Garland,* 184 Mass. 596. *Wylie* v. *Marinofsky,* 201 Mass. 583. *Gillespie* v. *Bopp,* 225 Mass. 534. It rarely can be ruled as matter of law that an affirmative defence has been sustained. Commonly it is a question of fact. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, 453.

The testimony of the plaintiff was explicit and categorical that she performed every obligation imposed on her by the contract. This was somewhat shaken on cross-examination where she gave answers indicative of a refusal to do her work as the defendant wanted. Thereby confusion and inconsistency were introduced calling for careful scrutiny and sound judgment by the jury to determine the weight of her evidence. *Tierney* v. *Boston Elevated Railway,* 216 Mass. 283. *Kerr* v. *Shurtleff,* 218 Mass. 167, 170. *Comstock* v. *Biltmore Amusement Co.* 227 Mass. 146, 150. *Connors* v. *Richards,* 230 Mass. 436, 438. *Whiteacre* v. *Boston Elevated Railway,* 241 Mass. 163. These were not as matter of law binding admissions by the plaintiff. The case on this point is distinguishable from cases like *Sullivan* v. *Boston*

*Elevated Railway,* 224 Mass. 405, and *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232.

The case rightly was submitted to the jury. It is governed by *McIntosh* v. *Abbot,* 231 Mass. 180, and *Hanneman* v. *Shlivek & Sons, Inc.* 235 Mass. 317.

*Exceptions overruled.*