PAUL PODWAPINSKA *vs.* JOHN M. TEIXEIRA & another.

Bristol.   October 26, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way.

At the trial of an action for personal injuries resulting from a collision, which occurred early in a morning in January when it still was dark, between a bicycle ridden by the plaintiff and a motor truck operated by an agent of the defendant, there was evidence that, as the plaintiff turned to his right from a street into a second street thirty feet wide, he saw the truck in the middle of the second street coming toward him several hundred

feet away; that he proceeded on the right side of the second street about two feet from the gutter; that, when the front of the truck was about four feet away, it turned to its left and the collision occurred; that the point of collision was about two feet from the gutter; and that the bicycle had a light on it. The defendant's operator testified that he turned to the left to avoid striking a stone and that he did not see the plaintiff until he was about four feet directly in front of the truck. *Held,* that the evidence warranted findings that the operator of the truck was negligent and that the plaintiff was not guilty of contributory negligence.

TORT. Writ dated February 5, 1930.

The action was heard in the Superior Court by *T. J. Hammond*, J., without a jury. Material evidence and rulings requested by the defendant and refused by the judge are stated in the opinion. The judge found for the plaintiff in the sum of $7,000. The defendant alleged exceptions.

*A. Auger*, for the defendant.

*T. F. O'Brien*, (*J. Minkin & G. P. Ponte* with him,) for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff by reason of a collision of a bicycle, on which he was riding, with a truck operated by Ernest C. Teixeira acting within the scope of his employment as the servant and agent of the defendant, John M. Teixeira.

At the close of the evidence the defendant made two requests for rulings: (1) that on all the evidence the finding must be for the defendant "because the plaintiff was contributorily negligent"; and (2) that the finding must be for the defendant "because the defendant was in the exercise of due care." Both were denied.

There was evidence tending to prove the following facts: The accident occurred on Hope Street, a public way in New Bedford. The street runs north and south. It is approximately thirty feet in width and there are cobblestone gutters on each side from two and one half to three feet wide. There was evidence tending to show that about 6:30 A.M. on January 14, 1930, the plaintiff, who lived on Nash Road, which crosses Hope Street, left his home on his bicycle and turned into Hope Street, proceeding in a southerly direc-

tion on the westerly side of the street at a distance of about two feet from the gutter on the west side of the street; that as he turned into Hope Street he saw the defendant's truck coming toward him from the south; that it was in the middle of the road several hundred feet away; that it was still dark and he continued southerly on his bicycle which had a light on it; that the truck came directly toward him and when the front of it was about four feet away it turned to its left and the collision occurred; that after the accident there were tire marks on the road which corresponded with the tread on the tires of the truck and showed that the truck was two feet away from the curbing on the westerly side of the street at the time of the collision; that there was a red paint mark on the street corresponding with the paint on the plaintiff's bicycle, and a mark on the middle of the bumper and also on the middle of the radiator of the truck, showing the point of contact with the bicycle.

The defendant's agent who operated the truck testified that he drove it northerly on the street, and as he approached Tinkham Street, which intersects Hope Street, he saw a stone about eight inches in diameter just east of the middle line of Hope Street; that he turned to the left to avoid hitting the stone; that he saw no light on any approaching bicycle, and the first he knew of the plaintiff was when the latter was directly in front of the truck, and about four feet ahead of it.

As a result of the collision the plaintiff was seriously injured.

Upon the foregoing evidence a finding was warranted that the plaintiff was travelling on his bicycle to the right of the middle of the travelled part of the way in accordance with the law of the road, G. L. c. 89, § 1, and that the driver of the truck did not alter his course and ran into him. *Gauthier* v. *Quick,* 250 Mass. 258, 261. *Martin* v. *Florin,* 273 Mass. 13. It could have been found that the plaintiff was where he had a right to be and that he was not bound to come to a full stop when he saw the truck approaching. *Harrington* v. *Cudahy Packing Co.* 273 Mass. 15, 18. Whether the plaintiff should have anticipated that

the driver would turn his truck to the left side of the road was a question of fact upon the entire evidence. *Sutherland* v. *Caruso*, 258 Mass. 513, 514. It could not have been ruled on the evidence that the defendant had maintained the burden of proving contributory negligence on the part of the plaintiff. G. L. c. 231, § 85. The evidence amply warranted a finding that the plaintiff as a traveller upon the way was in the exercise of due care, and that the driver negligently ran the truck into his bicycle. If, as the driver testified, the lamps on the truck were lighted and he did not see the plaintiff until within four feet of him, he must have looked carelessly or else he did not look at all. If he believed it was necessary to turn to his left to avoid a stone in the road, it could have been found that it was his duty, in the exercise of reasonable care, to slacken his speed or to come to a full stop in order to avoid the collision. It follows that the exceptions to the denial of the defendant's requests for rulings and to the finding for the plaintiff must be overruled.

*So ordered.*