ROY B. HINCKLEY & another *vs.* CAPITAL MOTOR
TRANSPORTATION CO., INC.

Middlesex.   February 3, 1947. — April 2, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Negligence*, Use of way, Bicycle, Contributory, Motor vehicle. *Practice, Civil*, Question to jury, Judicial discretion.

Evidence of the circumstances in which a boy riding a bicycle on a street, after passing beyond the point where that street converged with other streets, was struck by a motor truck drawing a trailer which had come from another of the converging streets and had overtaken and was passing the boy with its trailer "weaving" from side to side warranted findings of negligence on the part of the operator of the truck and of due care on the part of the boy.

No abuse of discretion on the part of a trial judge was shown in his putting a special question to the jury as to only one of the issues of fact raised by the evidence, although he also was requested to put a special question as to another issue.

In an action by a father for consequential damages alleged to have resulted from injuries sustained by the plaintiff's minor son through negligence of the defendant, it was error to order a verdict for the defendant where there was evidence warranting a finding of such negligence and of due care on the part of the son.

TORT. Writ in the First District Court of Eastern Middlesex dated April 22, 1943.

Upon removal to the Superior Court, the action was tried before *Morton, J.*

*F. R. Walsh,* for the plaintiffs.

*H. S. Avery,* for the defendant.

SPALDING, J. This is an action of tort brought on behalf of a minor, Roy B. Hinckley. The declaration as originally drawn contained a count for personal injuries and a count for property damage. By amendment a third count was added in which Daniel W. Hinckley, the father of Roy, sought consequential damages. See G. L. (Ter. Ed.) c. 231, § 6A, as inserted by St. 1939, c. 372, § 1. The counts for personal injuries and property damage were submitted to the jury, and verdicts for the plaintiff were returned. The judge directed a verdict for the defendant on the count for consequential damages. The case comes here on exceptions of the defendant and the plaintiff Daniel W. Hinckley.

The jury could have found these facts: The accident happened on March 4, 1943, in that part of Billerica Street in Chelmsford known as Central Square. West of Central Square three streets converge in an easterly direction "in a somewhat 'Y' formation" with the base of the "Y" crossing a railroad track and thence running easterly through a small business area. The three streets comprising the "Y" are from north to south, respectively, North Road, Westford Road and Littleton Road. From the point where these streets converge, west of the railroad track, to the track there is a gradual down grade. The street thus formed becomes Billerica Street east of the track and constitutes Central Square. It is sixty feet wide.

On the day of the accident at about 7:45 A.M., a trailer truck of the defendant [1] was proceeding easterly on Littleton

---

[1] It is admitted that at the time of the accident the truck was being operated by a servant of the defendant in the course of his employment.

Road toward Central Square. At approximately the same time the minor plaintiff (hereinafter called the plaintiff), then seventeen years of age, was riding on his bicycle in an easterly direction on Westford Road toward Central Square. As he arrived at the junction of the three streets, travelling at five to ten miles an hour, he applied his brake and looked in all directions, and, seeing no vehicles, proceeded across the railroad track into Central Square, "just going fast enough to keep his balance." When he was about ten feet west of the track the truck was "about halfway between the track and the Legion building" on Littleton Road. [1]

At some point east of the track the plaintiff "was struck from the rear by the defendant's truck." He was found lying unconscious in Central Square one hundred thirty-five feet east of the track and about seventy feet east of where his damaged bicycle was found. [2] Just prior to the accident the defendant's truck was observed approaching the railroad track on Littleton Road at a speed of thirty to thirty-five miles per hour. When the front of the truck was at the railroad crossing the rear of the trailer was "weaving from left to right." After the truck struck the plaintiff it collided with a tree near by and continued on for a distance of seven hundred feet before it came to a stop. At the time of the accident it was proceeding at a speed of twenty-five to thirty miles per hour and was still "weaving back and forth." Two witnesses testified that they did not hear any horn blown. The accident happened on a clear day and the surface of the road was dry. The evidence introduced by the defendant differed substantially in many respects from the foregoing.

1. The defendant excepted to the denial of its motion for a directed verdict and to the submission of a special question to the jury by the judge. These exceptions must be overruled. The principal contention of the defendant in support of its motion for a directed verdict is that the

---

[1] The distance between the Legion building and the "westerly railroad track" was one hundred feet.

[2] One witness testified that the plaintiff was lying "fifteen to twenty feet out into the street"; another testified that the distance was about ten feet.

plaintiff was guilty of contributory negligence as matter of law. If, as the plaintiff testified, he was struck from behind by the defendant's truck, the defendant's contention would require little or no discussion. The issue of the plaintiff's due care would be one of fact for the jury. *Rogers* v. *Phillips,* 217 Mass. 52. *Podwapinska* v. *Teixeira,* 277 Mass. 366, 368–369. But at the time the case was submitted to the jury the plaintiff had in effect abandoned the contention that he had been struck from behind and conceded that the rear end of the truck swerved around and struck him.[1] If the accident occurred in this manner it is reasonable to infer that the front portion of the truck had either passed beyond or come abreast of the plaintiff at the time the rear end of the truck struck him. But that does not establish that the plaintiff was guilty of contributory negligence as matter of law. It could have been found that the plaintiff was pursuing a course parallel to that of the truck, and that the accident was due to the swerving of the truck. There was evidence, as noted above, that the plaintiff, when he reached the railroad track, was a considerable distance ahead of the truck. This would warrant a finding that the truck approached the plaintiff from behind and that the plaintiff was not necessarily negligent in not observing its approach in time to avoid being struck. It could not have been ruled on this evidence that the defendant had maintained the burden of proving contributory negligence on the part of the plaintiff. G. L. (Ter. Ed.) c. 231, § 85. *Podwapinska* v. *Teixeira,* 277 Mass. 366, 369.

The defendant's contention that it was not negligent cannot be sustained. It could have been found that the defendant's truck was not proceeding at a reasonable speed as shown by the facts that the trailer was "weaving from left to right" and that it did not come to a stop for some

---

[1] This appears in the following portion of the judge's charge: "Mr. Foreman and gentlemen, I had prepared a special question for you to answer as to whether or not the left side of the trailer was the point of contact between the trailer and the bicycle but I understand from Mr. Walsh's argument [plaintiff's counsel], and you correct me if I am wrong because he said it two or three times, the contention of the plaintiff is that the rear end of the truck swerved around and struck the bicycle." Counsel for the plaintiff stated, "That is my contention based on the evidence."

seven hundred feet after striking the plaintiff. It could have been found and, indeed, was found that the swerving of the trailer contributed to the accident. Moreover, since there was evidence that the truck came from behind the plaintiff, it would warrant a finding that the defendant's driver was negligent either in not seeing him in time to avoid a collision or in not giving him sufficient warning of the approach of the truck.

The judge subject to the defendant's exception submitted the following question to the jury, "Whether or not the rear of that trailer swerved and struck the plaintiff." The jury answered this in the affirmative. The judge declined to ask the jury, as requested by the defendant, "Whether or not the bicycle swerved into the truck at the time the truck swerved into the boy." The defendant urges that the question submitted directed the jury's attention to but one aspect of the evidence and tended to give it an emphasis out of proportion to the rest of the evidence. Inasmuch as there was evidence that both the bicycle and the truck were swerving when they collided, the judge might very properly have put the question requested by the defendant. But we cannot say that he erred in submitting only the question to which the defendant excepted. It is a well recognized part of our trial practice that a judge in his discretion may submit special questions to a jury, and no valid exception lies to the exercise of that power. *Mercier* v. *Union Street Railway*, 234 Mass. 85, 87. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 520. *Stone* v. *Orth Chevrolet Co. Inc.* 284 Mass. 525, 528. *Wallace* v. *Ludwig*, 292 Mass. 251, 259.

2. We think that the judge erred in directing a verdict for the defendant on the count for consequential damages. It is settled that an action for consequential damages stands no better than the principal case and falls when the latter falls. *Thibeault* v. *Poole*, 283 Mass. 480. *Brazinskos* v. *A. S. Fawcett, Inc.* 318 Mass. 263, 267. But it does not follow that such an action must stand whenever the principal case stands. The reason for this is that in an action to recover consequential damages the plaintiff does not have the benefit of G. L. (Ter. Ed.) c. 231, § 85, and must prove

that the plaintiff in the principal case was in the exercise of due care. *Thibeault* v. *Poole*, 283 Mass. 480. *Holden* v. *Bloom*, 314 Mass. 309, 314–315. Evidently the judge had this distinction in mind when he directed a verdict for the defendant on the count for consequential damages. But we think that it could not be said as matter of law that the plaintiff Daniel W. Hinckley failed to sustain the burden of proving that his son was in the exercise of due care. *Rogers* v. *Phillips*, 217 Mass. 52. *Prout* v. *Mystic Motor Trans. Co. Inc.* 317 Mass. 349.

At the arguments before us it was agreed that if the count for consequential damages should have been submitted to the jury, then judgment is to be entered for the plaintiff Daniel W. Hinckley in the sum of $553.50.

> *Defendant's exceptions overruled.*
>
> *Exceptions of plaintiff Daniel W. Hinckley sustained and judgment is to be entered on the third count of the declaration in the sum of $553.50.*