GORDON E. PHILLIPS *vs.* CLIFFORD W. LARSON
(and a companion case [1]).

Middlesex.    April 5, 1948. — June 10, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Negligence*, Motor vehicle, Contributory.   *Practice, Civil*, New trial, Verdict.   *Evidence*, Presumptions and burden of proof.

A motion, presented at the close of the evidence at the trial of an action of tort, that a verdict for the defendant be ordered, and a motion that, under leave reserved on the recording of a verdict for the plaintiff, a verdict for the defendant be ordered entered, properly were denied where a verdict for the plaintiff was warranted by a combination of facts favorable to him which the jury reasonably might have found on all the evidence before them, although on the plaintiff's own testimony, if taken by itself, such a verdict would not have been warranted.

Evidence of the circumstances in which a boy on a bicycle received personal injuries when, after stopping at a traffic light where he was

---

[1] The companion case is by Cushman W. Phillips against the same defendant.   It is an action for consequential damages by the father of the minor plaintiff.

hemmed in by a motor van on his left and by a truck on his right, he was struck by the van as he and it started up at the change of the light, did not require a finding of contributory negligence on his part and warranted a finding of negligence on the part of the operator of the van.

The defendant in one of two actions of tort brought by the same plaintiff against different defendants and tried together had no standing as a matter of right to seek a new trial of the action against him on the ground that a verdict for the plaintiff therein and a verdict for the defendant in the other action were inconsistent as a matter of law where he had saved no exception on that ground when the verdicts were returned.

TWO ACTIONS OF TORT. Writs in the District Court of Central Middlesex dated January 7, 1942.

Upon removal to the Superior Court, the actions were tried before *Murray,* J.

*D. H. Fulton,* for the defendant.

*John S. Stone,* (*T. C. O'Brien & J. E. Keefe, Jr.,* with him,) for the plaintiffs.

WILKINS, J. On October 11, 1941, the minor plaintiff, then nearly twelve years of age, was riding a bicycle on Massachusetts Avenue, Arlington. He came to a stop because of a red traffic light at an intersection with Brattle Street, which entered on his left without crossing the avenue. On his right was a row of stores, and parked at the curb was a bread truck, the operator of which was one Adams. As the plaintiff waited for the light to change, a van operated by the defendant stood somewhere on his left. When the movement of traffic resumed, the minor plaintiff (hereinafter called the plaintiff) in a manner which is in dispute was knocked or fell off the bicycle and was run over by the van. These two actions of tort were tried with two similar actions against Adams. In the actions against Adams the jury returned verdicts for the defendant, but in the present actions verdicts for the plaintiffs were recorded under leave reserved. The defendant's exceptions are to the denial of his motions for directed verdicts, to the denial of his motions to enter verdicts under leave reserved, and to the denial of his motions for a new trial.

It was agreed that at the point of the accident there were two sets of street car tracks in Massachusetts Avenue, that the distance between the two outside rails was fifteen feet,

and that on the side of the avenue where the plaintiff was hurt the distance between the curb on that side and the nearest rail was fourteen feet.

We summarize the plaintiff's own testimony. To quote his own words, "I arrived at Brattle Street and I stopped beside a . . . bread truck which was parked at the curb. Shortly after, a van pulled up and stopped a little behind me. The light changed and we all started up, and the . . . truck pulled out and hit me on my right shoulder and knocked me under the wheels of the van," which had already started. While waiting, he was about opposite the cab of the bread truck, the right wheels of which were near the curbing. When the van came up and stopped, he was either opposite or a little ahead of the cab of the van, the front of which was a little behind the front of the truck. While waiting for the light to change, the plaintiff was straddling the seat and about an arm's length from both the truck and the van, but nearer the van. Because of his size he could not sit on the seat with one foot on the ground. His right leg was over the seat, and his right foot was on the pedal, which was raised. His hands were on the handle-bars. In starting he had to get himself up on the seat and push down with the right foot. "When he got hit he had pushed off and then it happened." He had not made one revolution of the pedal, and might have gone one length of his bicycle. When he started up, both the van and he "stayed straight." The truck was pulling out from the curb to the left toward him.

On his own testimony, taken by itself, the plaintiff was not entitled to go to the jury against the defendant. His own testimony did present an issue of fact against Adams, but the jury rejected it. If we speculate as to the reasons, we incline to the belief that the jury found that the bread truck continued to be parked at the curb and did not move, and that they were impressed by the testimony of the other witnesses, none of whom saw it move, four of whom affirmatively observed that it did not move, or that there was no one in it, or that it did not touch the plaintiff, and two of whom, Adams, who had no helper, and one Crawford,

a storekeeper, testified that Adams was in her store at the time of the accident.

The plaintiff, however, could have the benefit of any more favorable evidence from other sources, and was entitled to go to the jury upon any combination of facts favorable to him which they might reasonably find on such evidence. *Hill* v. *West End Street Railway*, 158 Mass. 458, 459–460. *Duff* v. *Webster*, 315 Mass. 102, 103. *Kelly* v. *Railway Express Agency, Inc.* 315 Mass. 301, 302. *Mazzaferro* v. *Dupuis*, 321 Mass. 718, 719.

Applying these principles, we think that there was no error in not directing verdicts for the defendant and in not entering verdicts for him under leave reserved. The jury could have found that the plaintiff was waiting in the street, "stopped at the place you would normally stop for a red light," alongside the cab of the bread truck; that later the defendant drove up the van on the other side of the plaintiff, and stopped, straddling the rail nearest the curb, partly beyond the plaintiff in such a position that thereafter the plaintiff was "back of the cab, in the middle of the van"; and that the parties were in the same relative position when they resumed moving forward. They could have concluded that the defendant, who testified that he at no time saw the plaintiff, should have done so, and that it was negligent to drive a van, which was thirty-five feet long, as close to the side of the truck as three and one half to four feet, and so closely to hem in the plaintiff. They further could have found that the defendant's negligence was causally related to the plaintiff's injuries from the testimony of one Stubbs, an operator of a truck which had stopped behind the defendant, to the effect that he observed the plaintiff standing on the bicycle "right in between the two trucks," that the defendant and the plaintiff started up at the same time, and that the plaintiff "went to move off and his arm hit the side of the" van, and he fell under it. *Reed* v. *Union Street Railway*, 320 Mass. 706, 708–709. *Hinckley* v. *Capital Motor Transportation Co. Inc.* 321 Mass. 174, 177–178. *DaSilvia* v. *Dalton*, 322 Mass. 102, 103. A finding of contributory negligence was not required.

There was no error in the denial of the motions for a new trial. The only ground stated in the motions upon which the defendant now relies is that as matter of law the verdicts were inconsistent with the verdicts in the Adams cases. The time to have raised that question was at the time the verdicts were returned. *Low Supply Co.* v. *Pappacostopoulous,* 283 Mass. 633, 635. *Belkus* v. *Murdoch,* 315 Mass. 86, 88. Failure to take an exception then did not give the defendant the right as matter of law to raise the point on motions for a new trial. *Arena* v. *John P. Squire Co.* 321 Mass. 423, 428. Even if the question were open on the motions, we are of opinion, for reasons we have sufficiently indicated, that there was no such inconsistency.

*Exceptions overruled.*