IDA MENDES *vs.* JOSEPH COSTA
(and a companion case [1]).

Bristol.   October 23, 1950. — December 29, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Motor Vehicle*, Licensee, Guest.   *Negligence*, Licensee, Guest.   *Way*, Public: traveller.   *Proximate Cause.*

The operator of an automobile stopped at the side of a street was not liable on the ground of ordinary negligence to a girl injured when, while she was leaning against the automobile conversing with its occupants, with one foot on the ground and the other on the running board, the automobile started suddenly without warning and she "lost her balance and fell to the ground": her physical contact with the automobile gave her a status with respect to the operator of a mere licensee or guest, not of a traveller on the way, and had a causal relation to her fall.

TWO ACTIONS OF TORT.   Writs in the Fourth District Court of Bristol dated July 13, 1942.

Upon removal to the Superior Court, the actions were tried before *Murray*, J.

*J. B. Nunes*, for the plaintiffs.

*G. P. Walsh*, for the defendant.

SPALDING, J.   The question for decision in these two actions of tort is whether the judge erred in directing verdicts for the defendant.   One of the actions is brought by Ida

---

[1] The companion case is by Joseph Mendes against the same defendant.

Mendes, a minor (hereinafter called the plaintiff), to recover for personal injuries alleged to have been caused by the negligence of the defendant. The other action, brought by the plaintiff's father, is for consequential damages.

The evidence most favorable to the plaintiff is this. On the afternoon of July 26, 1941, the plaintiff attended a wedding reception which was held at a club on Prairie Avenue, Attleboro. The defendant was also a guest at the reception. Later in the afternoon the defendant drove his automobile "to the Vieira house on Prairie Avenue, about four hundred feet distant from the club, and brought it to a stop near the curb and on the opposite side of the street from the Vieira house." The plaintiff had walked from the club to the Vieira house with her mother and other persons, and she was on the sidewalk in front of that house when the defendant brought his automobile to a stop on the opposite side of the street. The plaintiff accompanied by some other girls walked over to the defendant's automobile. The defendant at that time was sitting behind the steering wheel and the motor was running. A young man sat beside the defendant on the front seat and the rear seat was occupied by two or three girls.

With one foot on the running board and her other foot on the ground the plaintiff leaned against the automobile while she carried on a conversation with the occupants. She was leaning on the driver's side of the automobile at a point behind where the driver (the defendant) sat. One of the girls got out of the automobile and went into the Vieira house, returning in a few minutes with a tray which she gave to someone near the defendant. As she did so "all of a sudden the car jerked, the car started instantly," and the plaintiff "lost her balance and fell to the ground and was injured." The plaintiff received no warning that the automobile was going to start. She heard the motor running while she was conversing with the occupants of the automobile. "She was not going anywhere with the defendant."

At the close of the evidence the judge directed verdicts

for the defendant, subject to the plaintiffs' exceptions. He then reported the cases to this court under a stipulation of the parties that if he should have submitted the cases to the jury then judgments were to be entered for the plaintiff and her father in the amounts of $3,800 and $381.75, respectively; otherwise judgments in both cases were to be entered for the defendant.

The plaintiff contends that the jury could have found that her status was that of a pedestrian or traveller on a public way, and that there was evidence of negligence on the part of the defendant which would warrant a verdict in her favor. Since the first of these contentions cannot be sustained, we do not reach the second. We are of opinion that the plaintiff's status was not that of a pedestrian or traveller to whom the defendant would be liable for ordinary negligence. When the plaintiff stepped on the running board of the defendant's automobile the defendant's duty of care toward her ceased to be measured by his duty toward travellers in general. *Theriault* v. *Pierce*, 307 Mass. 532, 534. See *Baines* v. *Collins*, 310 Mass. 523, 524. Contrary to the plaintiff's contention it cannot be said that the plaintiff's physical contact with the automobile was merely a condition having no causal relation to the accident. Stated differently, the plaintiff contends that if her foot had not been on the running board the accident would have happened just the same. We do not agree. According to the evidence the plaintiff "lost her balance and fell to the ground and was injured" when the automobile started up. The plaintiff's fall was so intimately connected with her contact with the automobile that it is impossible to say that there was no causal relation between them.

We need not decide whether the plaintiff was a guest or a licensee, for in either case she could not prevail. There was no evidence which would warrant a finding that the defendant's conduct was reckless or wanton, or grossly negligent. The plaintiff makes no contention to the contrary. The judge rightly directed verdicts for the defendant in both cases. The action of the father for consequential

damages fell with the plaintiff's action. *Thibeault* v. *Poole,* 283 Mass. 480, 486. *Hinckley* v. *Capital Motor Transportation Co. Inc.* 321 Mass. 174, 178.

Judgment in each case is to be entered for the defendant.

*So ordered.*