*District Court of Lowell*

No. 454 of 1955

*Northern District*

No. 4908

**EUGENE BOUVIER**

**v.**

**EDWARD BOUVIER**

(April 11, 1956)

*Gadsby, P. J.* This is an action of tort by writ commenced in the District Court of Lowell, in which the plaintiff claimed personal injury by reason of the negligence of the defendant, who is alleged to have closed the door of an automobile on the plaintiff's hand.

The defendant answered with a general denial and a specific answer of contributory negligence.

*At the trial there was evidence tending to prove* that in July of 1953, the defendant Edward Bouvier, who is the brother of the plaintiff, made a social call on his brother at his home in Billerica. The defendant drove his automobile on a driveway adjacent to the plaintiff's home, which is part of the plaintiff's property, and parked it in the driveway opposite the garage door. The car was entirely on the plaintiff's land. The defendant then remained seated in the front seat of his automobile listening to the car radio, and at the same time conversed with the plaintiff and another man, who were on the grounds, about one to two feet away from the right front door of the defendant's motor vehicle which was then open.

The plaintiff had his hand on the door jamb near the roof of the car. The defendant left his car by the right front door and without warning closed the door in back of him without looking to see the position of the plaintiff's hand, and did not see that the plaintiff was standing at the right front door with his hand on the door jamb near the roof of the car. The plaintiff's hand was injured. There was evidence of damage, injury, and expense.

Upon the conclusion of the evidence the plaintiff filed the following Requests for Rulings:

"1.  There is sufficient evidence to warrant a finding for the plaintiff.

2.  The evidence warrants a finding that the defendant was negligent.

3.  The evidence warrants a finding that the plaintiff was in the exercise of due care.

4.  The evidence warrants a finding that the defendant was negligent in closing the automobile door on the plaintiff's hand without first ascertaining whether the plaintiff was in fact in a position of danger.

5.  The act of closing the automobile door on the plaintiff's hand was an act of negligence.

6.  The negligence of the defendant was the direct and proximate cause of the plaintiff's injuries.

7.  The defendant owed the plaintiff the duty to exercise reasonable care in avoiding injury to the plaintiff."

The defendant filed the following Requests for Rulings:

"1.  The evidence does not warrant a finding for the plaintiff.

2.  The evidence requires a finding for the defendant.

3.  There is no evidence of negligence on the part of the defendant.

4.  There is no evidence of gross negligence on the part of the defendant.

5.  The plaintiff was guilty of contributory negligence.

6.  The plaintiff's own negligence caused or contributed to cause his injuries."

The Court made the following Findings and Rulings of law:

"In July, 1953, the defendant Edward Bouvier, brother of the plaintiff, made a social call on his brother, the plaintiff, at the plaintiff's home in Billerica. The defendant drove his automobile onto the property of the plaintiff and parked it on the driveway opposite the garage door. It was entirely on the plaintiff's land.

"The defendant sat in the front seat of his automobile listening to the radio and conversing with the plaintiff and another man who was standing on the ground a foot or two away from the right front door which was open. The defendant left his car by the front right door, closing the door in back of him and did not see that the plaintiff was standing near the right front door with his hand on the door jamb near the roof of the car.

"The plaintiff's hand was injured when the defendant closed the door.

"I find that the plaintiff was a guest occupant in the defendant's automobile. The plaintiff filed requests for rulings of law. I allow, 1, 2, 3, 4, 5, 6. I deny request No. 7 for the reason that the word "reasonable" is not susceptible of an interpretation exact enough upon which to make a ruling of law of the duties owed by the defendant to the plaintiff, especially in view of the fact that the Court is ruling that the plaintiff was in the position of a guest occupant.

"I treat the defendant's requests for rulings as waived.

"I find for the defendant."

The sole issue presented for determination is how far to extend the decision in *Mendes v. Costa,* 326 Mass. 608. In that case, the plaintiff was leaning against the defendant's automobile conversing with the defendant with one foot on the ground and the other on the running board when the automobile started suddenly without warning and the plaintiff was thrown to the ground. The Court ruled that the plaintiff's status was not that of a pedestrian or traveller to whom the defendant would be liable for ordinary negligence. The Court further stated that when the plaintiff stepped on the running board of the defendant's automobile, the defendant's duty

of care toward her ceased to be measured by his duty toward travellers in general. See: *Theriault v. Pierce,* 307 Mass. 532, 534.

If the plaintiff is regarded as a guest, then recovery can be had only on proof of gross negligence. The plaintiff concedes there is no gross negligence. Therefore we do not have to consider whether the plaintiff was a licensee or trespasser, as in either event, the defendant's duty toward him was at most only to refrain from wilful or wanton conduct.

The contention of the plaintiff in substance is that he was a pedestrian on the highway and could recover merely on proof of negligent conduct on the part of the defendant. In the case at bar, the plaintiff, while talking with the defendant, had placed his hand on the door jamb near the roof of the car and the defendant left his car by the front right door, closing the door in back of him without seeing the plaintiff's hand. The trial judge in his denial of the plaintiff's request No. 7 ruled that the plaintiff was a guest occupant. Therefore it follows, if that analysis were correct, then his finding for the defendant was proper.

It would not be wise to extend the Mendes case to every casual contact which a plaintiff has with an automobile. To hold that would deprive him of his status of a pedestrian or traveller. Such would seem to be carrying the doctrine too far. Furthermore, in the case at bar, the defendant was out of the automobile, whereas, in the Mendes case the defendant was operating the car at the time of the injury.

We therefore feel that the Court erred in its denial of the plaintiff's request No. 7 and therefore order the finding for the defendant vacated and the case remanded to the District Court for a new trial.

Joseph A. DiGuglielmo, for the plaintiff.

Paul J. Dolan, for the defendant.