*Municipal Court of the City of Boston*

No. 17110

**BRUCE FRAZEL, P.P.A., ET AL**
**v.**
**BOSTON EDISON CO., ET AL**

(October 6 — October 30, 1961)

*Present:* Adlow, C. J., Lewiton & Roberts, JJ.

Case tried to *Glynn, J.*

*Adlow, C. J.* Action of tort for personal injuries sustained by the plaintiff, a minor, and for consequential damages sustained by the father of the plaintiff as a result of allegedly being struck by a truck registered in the name of the defendant, Boston Edison Company, and operated by the defendant, Leonard C. Delany. Defendant's answer was a general denial, contributory negligence, and violation of law.

The operator of the defendant truck testified at the trial that he was operating a heavy line truck, 7 or 8 feet wide, on Centre Street in the direction of Baker Street in West Roxbury. At the scene of the accident, Centre Street was 34 feet wide. His foreman was seated beside him. The weather was clear and dry. While proceeding up Centre Street at a speed of about 20 miles per hour, he saw two bicycles ahead of him, 200 or 300 feet away, riding parallel to each other, with the bicycle nearest the curb carrying a little girl on the cross bar. Both bicycles were approximately 6 or 7 feet from the right hand curb. He testified that when 50 to 75 feet away from the

bicycles he reduced his speed to about ten miles per hour and swung his vehicle to the left of the center of the road. As he passed the bicycle, Mr. Dever, a passenger in the rear of his vehicle, yelled for him to stop. He stated that his right rear wheel was 3 feet to the right of the center line of the road and that the distance of the right rear wheel from the curb was 12 feet. He also stated that when he got out of his truck he found the plaintiff 4 to 5 feet from the right hand curb to the right and rear of the rear right wheel. After the collision and before the truck was moved there was a broken wooden milk case under the right rear wheel. A skid mark reached from the right rear wheel back for three feet.

Bruce Frazel, the plaintiff, testified that he was nine years old at the time of the accident; that he was riding with a friend who was carrying his brother on the cross bar; that he himself was carrying a milk box on his handle bars. He stated that he was following the other bicycle, and was about 3 or 4 feet from the curb. He said he heard a noise to the rear and turned his bicycle to within 1½ feet from the curb when the wind from the truck caused him to lose control and collide with the truck. The witness testified that the truck as it passed him, before he lost control, was a distance indicated by holding his arms apart. A witness for the defendant testified that the plaintiff when on his bicycle was 6 feet from the curb and that as the truck pro-

ceeded to pass the plaintiff he was 4 or 5 feet away.

At the close of the evidence the defendant requested the court to rule that

(1)  The evidence did not warrant a finding for the plaintiff.

(2)  There is no evidence of negligence on the part of the defendant.

The court declined to rule as requested and filed the following memorandum of findings:

"I find that the defendant operator of the truck who drove past the plaintiff within the width of arms of the plaintiff, an eleven year old boy, on a bicycle, in a road 34 feet wide with no other traffic on the road was negligent. The (sic) such act of negligence was the immediate and approximate cause of the plaintiff falling from his bicycle, and receiving the injuries. I further find the plaintiff was operating his bicycle with due care."

There was a finding for the plaintiff.

The question posed by this report is whether a vehicle is being operated negligently if the path of travel followed by it is a distance of a "width of arms" from the path of travel of a boy on a bicycle moving in the same direction. Findings for bicycle riders have been sustained in cases where the plaintiff has been struck by a street car while riding one foot from the outer rail (*Kerr v. Boston El. Ry.*, 188 Mass. 434) and where a truck moved up alongside a boy on a bicycle which was an arm's length from the boy and then struck him, (*Phillips v. Larson*, 323 Mass. 87, 90). In both of these cases there

was a direct contact between the truck and the boy on the vehicle.

In its aspect most favorable to the plaintiff the evidence indicates that the plaintiff heard a noise to his rear, noticed a truck passing him on his left the "width of arms" away and lost control of his bicycle as the front of the truck went by him. There is no evidence that he was struck by the truck before he lost control. The report refers to testimony that "the wind of the truck caused him to lose control of his bicycle". The expression at best is figurative and can hardly be given literal significance. Trucks on highways are rather commonplace and the effect of their operation on atmospheric conditions is too well known to entitle the explanation to credit.

The situation under review differs markedly from *Hinckley v. Capitol Motors Trans. Co., Inc.,* 321 Mass. 174, where the evidence permitted the inference that the swaying of a truck going 30 to 35 miles per hour might reasonably result in the plaintiff being struck by the rear of the defendant's truck.

In its findings the court noted that the defendant drove within the "width of arms" of a boy on a bicycle on a road 34 feet wide. If by this the court meant that the accident could have been avoided by moving the defendant's truck over to the left side of the road, and that the failure to do this constituted negligence, then the rule employed by the court in determining due care was erroneous. There was no duty on the defendant to anticipate every conceivable contingency. *Shaw v.*

*Boston & Worcester Ry.,* 8 Gray 45, 67. What is due care depends on the circumstances immediately preceding the accident. As the defendant approached the plaintiff there was nothing to indicate that the boy was doing anything other than moving forward in a straight line. There was nothing to suggest that he was going to change direction. Under these circumstances due care for the defendant consisted in so directing its truck that it could pass the plaintiff with a fair margin of safety. Whether the margin was four or five feet as claimed by the defendant or an "arms width" as claimed by the plaintiff, either was perfectly safe so long as the parties each continued on the path in which they were travelling. Due care is not governed by the peculiar circumstances that eventuated but by the conditions prior to the accident.

The plaintiff had the burden of proving that the defendant was negligent. The only evidence bearing on the manner in which the defendant's truck was operated came from the defendant and its witnesses. Had the court believed these witnesses a finding for the defendant would have been required. But the court did not have to believe these witnesses. If we disregard the defendant's evidence, the only evidence we have left bearing on the defendant's operation of the truck is that it passed the plaintiff within the "width of arms". This is virtually the plaintiff's entire version of how the accident happened. No claim is made that the defendant's truck struck the plaintiff before he lost control of

his bicycle, and, except for the fact that the plaintiff was thrown from his bicycle and injured, there is no evidence with respect to just what happened after he lost control. In our opinion the evidence did not warrant a finding that the defendant was negligent.

Finding for plaintiff vacated.

Finding to be entered for defendant.

Robert P. O'Reilly of Boston, for the Plaintiff.

Roland W. Wood of Boston, for the Defendant.