WEBARM DIECASTING, INC. *vs.* GREEN BROS. OF
WORCESTER, INC.

Bristol. December 2, 1963. — February 27, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Auction. Sale,* Contract of sale. *Contract,* Of sale, Limiting liability, Auction. *Agency,* Undisclosed principal, Principal's liability to third person. *Practice, Civil,* Judgment ordered in Supreme Judicial Court. *Words,* "Auctioneer."

Read with all the other terms of an auction sale of industrial machinery, a term that the "Auctioneer shall not, in any event, be liable for nondelivery or for any other matter or thing, to any purchaser of any lot, other than for the return to the purchaser of the . . . sum paid on said lot," was not a stipulation for the benefit only of the auctioneer but inured also to the benefit of an undisclosed principal who had hired the auctioneer to conduct the auction, so that the principal's liability to the

successful bidder for a lot of die sets which later proved not to have been owned by the principal was limited to the amount paid by the bidder.  [72]

In an action by the successful bidder for certain die sets at an auction sale against one who had hired the auctioneer to conduct the sale but who in fact did not own such die sets, where it appeared that the trial judge in his charge erroneously construed as benefiting the auctioneer only and not the defendant a term of the sale limiting liability to a purchaser for nondelivery to the amount paid by him, and a verdict was returned for the plaintiff for breach of contract in an amount much larger than the amount paid by him, this court in the circumstances, instead of ordering a new trial, under G. L. c. 231, § 124, ordered judgment to be entered for the plaintiff in the smaller amount.  [72–73]

CONTRACT OR TORT.  Writ in the Superior Court dated October 21, 1959.

The action was tried before *Taveira,* J.

*Seymour Weinstein* for the defendant.

*James A. Heaney* for the plaintiff.

WHITTEMORE, J.  The defendant's bill of exceptions presents issues raised at the trial of an action of contract or tort and on the denial of a motion for a new trial. There was evidence of the following: The defendant (Green Bros.), for a flat fee, had hired Thomas Machinery Liquidating Co., Inc. (Thomas) to auction certain industrial machinery and equipment which Green Bros. had purchased from Eastern Electric, Inc. (Eastern).  At the auction on June 25, 1958, it was not revealed to the prospective purchasers that Green Bros. was the principal, although the terms of sale posted, read to the assembled purchasers and referred to in the catalogue, showed that Thomas was acting for a principal whose identity was not disclosed.  The plaintiff (Webarm) was the successful bidder for a lot of several die sets which later proved to have been the property of Eastern and not to have been among the equipment purchased by Green Bros.   Tender back of the $300 bid and paid for the lot was made to Webarm.   Webarm brought this action against Green Bros., declaring in one count for conversion of the equipment and in another count for breach of contract.   Webarm had a verdict for $7,000 on the count in contract.

Green Bros. excepted to the charge that the eighth term

of sale which limited liability to a return of the sum paid was for the benefit of the auctioneer only. Term No. 8 read: "8. Responsibility for Non-Delivery — Auctioneer shall not, in any event, be liable for non-delivery or for any other matter or thing, to any purchaser of any lot, other than for the return to the purchaser of the deposit or sum paid on said lot, should the purchaser be entitled thereto." Other terms are set out in the margin.[1]

Having notice that the auctioneer was acting for an unidentified principal, Webarm could pursue a remedy against either the principal or the agent in the absence of a limitation in the contract. *Norfolk County Trust Co.* v. *Green,* 304 Mass. 406, 407. *Rodliff* v. *Dallinger,* 141 Mass. 1, indicates that a contract of sale can expressly exclude as a party the agent of such a principal. Restatement 2d: Agency, § 321. We assume the parties have a similar power to limit such an agent's liability without limiting that of his principal. This assumption appears in *Atkins* v. *Howe,* 18 Pick. 16, 18, which dealt with the liability under an auction sale contract of a principal who was "not disclosed." The court held that the principal had the benefit

---

[1] "4. Removal . . . Auctioneer shall not be responsible for goods not removed within the time allowed, but shall have the option to remove and store at the expense and risk of the purchaser any article purchased, but not paid for and removed within the time aforesaid. 5. Manner of Payment — All checks for deposit and balances due shall be payable to the order of Tom Gagliardi Auctioneer, or Tomalico. All bills must be paid to representatives of the auctioneer at the plant unless otherwise announced. . . . 6. Condition of Articles Sold — The auctioneer shall not be responsible for the correct description, genuineness, authenticity of, or defect in any lot, and makes no warranty in connection therewith. No sale will be set aside nor allowance made on account of any incorrectness, error in cataloguing, or any imperfection not noted. No deduction allowed on damaged articles, all goods being exposed for public exhibition, and sold 'as is' and without recourse. 7. Claims — No claims will be allowed after removal of goods from premises. . . . 9. Compliance with Terms of Sale — In default of payment of bills in full within the time therein specified, the auctioneer in addition to all other remedies allowed by law, may retain all monies received as deposit or otherwise, as liquidated damages. Lots not paid for and removed within the time allowed herein may be resold at public or private sale without further notice, and any deficiency, together with all expenses and charges of re-sale, charged to the defaulting purchaser. 10. Risk to Person and Property — Persons attending during exhibition, sale or removal of goods assume all risks of damage of or loss to person and property and specifically release the auctioneer from liability therefor. Neither the auctioneer nor his principal shall be liable by reason of any defect in or condition of the premises on which the sale is held. . . . 16. Agency — The auctioneer is acting as agent only and is not responsible for the acts of its principals. . . ."

of a term of this sale: "No allowance made for damage . . .
unless applied for within three days . . . ." The court
stated: "[w]e do not mean to say that . . . a stipulation
[for the benefit only of the auctioneer] might not have been
made in apt and proper terms."

We hold that term No. 8 was not such a stipulation. The
first sentence of No. 9, although it mentions only the auc-
tioneer, creates a right which quite plainly inures to the
benefit of the principal: "In default . . . the auctioneer
. . . may retain all monies received . . . as liquidated dam-
ages." Other limitations of liability or obligation are in
general terms and also reasonably include the principal.
In No. 6 it is provided that "No sale will be set aside nor
allowance made on account of any incorrectness . . . . No
deduction allowed on damaged articles, all goods being . . .
sold 'as is' and without recourse." No. 7 provides, "No
claims will be allowed after removal of goods from prem-
ises." No. 9 provides that lots not paid for and removed
within the time specified "may be resold . . . and any de-
ficiency . . . charged to the defaulting purchaser."

The underlying rationale of these other terms of limita-
tion points to the inclusion of the principal within term
No. 8. The plain meaning of term No. 9, where the word
"auctioneer" includes the principal, warrants such a con-
struction of term No. 8. We rule that the word "auc-
tioneer" was used with like meaning in terms No. 8 and
No. 9. In context, term No. 8 had the same legal effect, for
the benefit of the principal, as the term construed in *Atkins*
v. *Howe,* 18 Pick. 16, 18.

We do not overlook term No. 10 which expressly men-
tions the principal as well as the auctioneer. This, we
think, tends to suggest recognition that the condition of the
premises would be something apart from the offering, bid-
ding, delivery, and payment of or for the auctioned items
and does not require the conclusion that, where in other
terms the principal is not mentioned, he is excluded.

The error in the construction of the limitation of liability
does not require a new trial. Liability is established by the
verdict. Other exceptions taken at the trial, concerning the

admission of opinion testimony of value, are now inconsequential. There is no merit in the exception to the denial of the motion for a new trial for inconsistent verdicts. *Phillips* v. *Larson,* 323 Mass. 87, 91.

The defendant's exceptions are sustained. Judgment for $300 is to be entered on the verdict returned in the amount of $7,000. See G. L. c. 231, § 124; *Salter* v. *Leventhal,* 337 Mass. 679, 700–701.

*So ordered.*