Dolan, PJ.
Defendant, Alex Lyon & Son Sales Manager and Auctioneers, Inc. (“Lyon”), conducted an unreserved auction in which plaintiff made the highest bid on a truck owned by defendant Norman F. Tupick (“Tupick”). Because Tupick was dissatisfied with the bid obtained, he refused to deliver the truck to plaintiff.
Plaintiff brought action against both Tupick and Lyon. The trial court found for the plaintiff against Tupick for the benefit of his bargain but did not find for the plaintiff against Lyon. Plaintiff claims to be aggrieved by the failure of the court to rule in plaintiffs favor against Lyon. We find no error.
The parties stipulated thatTupickwas an undisclosed principal. As ageneral rule of agency law, the plaintiff has an election to pursue either the undisclosed principal or his agent for breach of contract Webarm Diecasting, Inc. v. Green Bros. of Worcester, Inc., 347 Mass. 69, 71 (1964). Although plaintiff may bring action against both principal and agent, prior to judgment plaintiff is put to his election as to whether he would look to the agent or the principal. Marsch v. Southern New Eng. R.R. Corp., 230 Mass. 483, 499 (1918); Gavin v. Durden Coleman Lumber Co., 229 Mass. 576, 580 (1918). He cannot recover judgment against both. Kingsley v. Davis, 104 Mass. 178, 180 (1870).
The case against the undisclosed principal involves more elements of proof than the case against the agent In addition to proof of the contract and its breach, the plaintiff must also prove the agency and its scope. Just as a trial court in a criminal case must consider the highest offense charged prior to considering lesser included offenses, so too in a civil action involving an agent and an undisclosed principal, a trial court must consider the claim involving the greater elements of proof before considering the claim involving less proof. If proof against the alleged principal is sufficient for judgment to enter, the trial court must enter judgement against the principal. If proof against the alleged principal is insufficient because of lack of proof of agency, the trial court must then consider the contract with the alleged agent
In this case, plaintiff elected to proceed against both principal and agent Prior to judgment, plaintiff made no change in that election. Plaintiffs proof was sufficientfor judgment against the principal and the trial court, as required, entered judgment for plaintiff against the principal After entering the judgment against Tupick, the trial court could not then proceed to the case against Lyon and also enter judgment against Lyon. Gavin, supra at 580.
Even if the trial court had discretion to enter judgment against either the principal or the agent, we would notfind an abuse of that discretion because itwas the principal, rather than the agent, who caused the breach of contract in this case.
Report dismissed.