MAE G. FITZGERALD *vs.* MARTIN McCLYMONT.

Suffolk.   November 6, 1941. — September 13, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Negligence,* Use of way, Slippery substance, Filling station.   *Evidence,* Conflicting statements of witness.

Testimony by a plaintiff was not definitely withdrawn by certain further testimony of his as to less favorable statements made by him out of court; the earlier testimony remained for consideration by the jury.

Evidence warranted findings that a greasy, slippery, "hard crusted" substance looking "like oil" came on a public sidewalk through methods adopted in the operation of an adjacent gasoline filling station, and that the proprietor of the station was negligent toward a pedestrian who slipped on the substance and fell.

TORT.   Writ in the Superior Court dated August 17, 1938.

The case was tried before *Beaudreau,* J.

In this court the case was argued at the bar in November, 1941, before *Field,* C.J., *Donahue, Qua, Dolan,* & *Ronan,* JJ., and afterwards was submitted on briefs to all the Justices.

·*E. J. Sullivan,* for the defendant.

*T. B. Shea,* for the plaintiff.

LUMMUS, J.   In this action for personal injuries, there was evidence that the plaintiff, a pedestrian, was injured on January 25, 1938, when she slipped on some substance on the sidewalk in front of a gasoline filling station, and fell. The plaintiff got a verdict, and the case is here on an exception by the defendant to the denial of a motion to direct a verdict in his favor.

The defendant, it is admitted, owned the premises where the gasoline filling station was located. But he and his son testified that in 1936 he turned the business of conducting the station over to his son, who has been the proprietor ever since. It appeared, however, that the license under St. 1907, c. 584, and St. 1909, c. 329, for the swinging arms on the gasoline pumps has always been issued to the defendant, whose name was signed to the application not only as owner but also as the principal occupant. The license provided that the licensee shall keep the street and sidewalk clean "and free from litter of any kind." The defendant does not now contend that he is not liable if the plaintiff fell because of some negligent act or omission on the part of the proprietor of the gasoline filling station or his servants. The only question argued is whether there was evidence of such negligence.

The plaintiff testified that her foot slipped on a "hard substance," that there were "hard crusts and she saw a skid mark from her heel about a foot long," that "when she put her foot down originally it felt as if a hard, crusty substance was there and her foot or heel just crushed into it causing her to skid," that "after she got through the top of it and down a bit it seemed very greasy and slippery," that "it looked to her like oil," that there seemed to be gasoline trickling from the hose on the arm of the gasoline pump, onto the sidewalk, that there seemed to be patches of "this oil hard crusted substance" around there on the sidewalk, and that as she was being carried into the station after her fall she noticed a coating of sawdust on the sidewalk near to and even on the outer edges of the patch on which she slipped. She testified that the substance on which she slipped was not snow nor ice. She admitted that she had given a signed statement to an investigator, in which she said that the sidewalk was wet and that she did not know whether it was oil or what it was, and in which she did not mention any hard, crusty substance. She testified that she told the investigator that it was some foreign substance, but she did not know what it was. The plaintiff was the only witness who testified to the presence

of any foreign substance on the sidewalk. The defendant testified that at the time of the accident the sidewalk was wet from rain. His son testified that he always put sand or sawdust on the sidewalk, if anything was on it, and that "gasoline or oil or grease is apt to get on the sidewalk there at the station but is always taken care of by sawdust or sand in order to prevent slipping."

The case is not one in which the plaintiff definitely withdrew testimony of the existence of a defect, and substituted testimony less favorable to her, as in *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, *Leland* v. *United Commercial Travelers of America*, 233 Mass. 558, 563, *Hennessey* v. *Cities Service Refining Co.* 282 Mass. 487, 490, *Crowley* v. *Swanson*, 283 Mass. 82, 84, 85, and *Osborne* v. *Boston Consolidated Gas Co.* 296 Mass. 441, 444.

The plaintiff's earlier testimony as to a crusty, greasy, slippery substance that looked like oil was considerably shaken by her later testimony, but her earlier testimony was not withdrawn, and remained for the consideration of the jury. *Cameron* v. *New England Telephone & Telegraph Co.* 182 Mass. 310, 311. *Tierney* v. *Boston Elevated Railway*, 216 Mass. 283. *Gold* v. *Spector*, 247 Mass. 110, 111. *Carp* v. *Kaplan*, 251 Mass. 225, 228. *Goodell* v. *Sviokcla*, 262 Mass. 317, 319. *Martin* v. *Boston Elevated Railway*, 262 Mass. 542, 544. *Newman* v. *Levinson*, 266 Mass. 264, 267. *Coyle* v. *Worcester Consolidated Street Railway*, 273 Mass. 475, 476, 477. *Thibeault* v. *Poole*, 283 Mass. 480, 482. *Bennett* v. *Fitzgerald*, 284 Mass. 535, 537. *Jennings* v. *Bragdon*, 289 Mass. 595, 597. *Garland* v. *Stetson*, 292 Mass. 95, 98. *Goodwin* v. *Walton*, 298 Mass. 451, 453. *Sluskonis* v. *Boston & Maine Railroad*, 299 Mass. 413, 415. *Blackman* v. *Coffin*, 300 Mass. 432, 437. *Donovan* v. *Johnson*, 301 Mass. 12, 13. *Ruane* v. *Doyle*, 308 Mass. 418, 422. *Bander* v. *Metropolitan Life Ins. Co.* 313 Mass. 337, 342.

Upon the evidence it could have been found, we think, that the substance upon which the plaintiff slipped came from the operation of the filling station, and was on the sidewalk because of negligence in that operation. There was testimony that "oil was serviced to automobiles by

carrying it in a container of some kind and putting it in the automobile," that "cars drive up on the sidewalk and are serviced," and that cars drive across the sidewalk to a garage or to a lubritorium for drawing oil from a car or changing oil. There was also testimony, already recited, that gasoline or oil or grease is apt to get on the sidewalk and is always taken care of by sawdust or sand. The plaintiff's testimony that she noticed a coating of sawdust on the sidewalk, even on the edges of the patch on which she slipped, and patches of "this oil hard crusted substance" around on the sidewalk, was evidence that there were deposits of oil on the sidewalk to the knowledge of the operators of the station. We think that there was evidence of negligence in not protecting pedestrians from the danger of slipping where the plaintiff sustained her injury.

*Exceptions overruled.*