MICHAEL BELKUS, administrator, *vs.* JAMES W. MURDOCH.

Plymouth. October 28, 1943. — November 30, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Exceptions: whether error shown; New trial; Verdict. *Error,* Whether error shown.

No harmful error was shown in the exclusion of a document as evidence where the document did not appear in the record as an offer of proof.

A trial judge cannot be required to consider, upon a motion for a new trial, contentions that could have been raised before or at the trial.

A contention, on a motion for a new trial, that a verdict was larger than was proper on any view of the evidence was without standing where the record did not include the charge to the jury nor any exception thereto and the defendant had requested no instructions on the question of damages and had made no objection to the recording of the verdict.

CONTRACT. Writ in the Superior Court dated March 27, 1939.

The case was tried before *Baker*, J. There was a verdict for the plaintiff. The defendant alleged exceptions. In this court the case was submitted on briefs.

*O. V. Fortier,* for the defendant.

*R. J. Coffin & T. H. Mahony,* for the plaintiff.

COX, J. The jury returned a verdict for the plaintiff on the second count of his declaration which alleges, in effect,

that the defendant, an attorney at law, by virtue of G. L. (Ter. Ed.) c. 221, § 51, owes him as the client a sum of money that he has unreasonably neglected to pay upon demand, together with five times the lawful interest. *Griffiths* v. *Powers*, 216 Mass. 169. The only exceptions taken at the trial that have been argued are to the exclusion of two alleged assignments to the plaintiff's intestate and to the denial of two requests for rulings. Apart from the testimony of the defendant that he took the assignments, one of which was of a judgment, the assignments themselves do not appear in the record as offers of proof. Upon this record we have no means of determining that the defendant was harmed. The requests that were denied are disposed of by the concession of the defendant in his brief that they "become secondary in importance inasmuch as the jury did not have before them the assignments and requisite facts to enable them to intelligently apply such instructions."

The remaining exception which was filed on October 13, 1942, is to the denial of the defendant's motion for new trial on September 22, 1942. It does not appear whether the denial was in the absence of counsel or when he received notice from the clerk of its denial. See Rule 72 of the Superior Court (1932). The motion states the usual grounds that the verdict was against the evidence, the weight of the evidence and the law, and also that it should be granted to prevent a miscarriage of justice.

The defendant has argued several questions, all of which, in our opinion, could have been raised either before or at the trial. In the circumstances, the trial judge was not required to consider them. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 38–39. *Pins* v. *I. J. Fox, Inc.* 302 Mass. 601, 602, and cases cited.

The only point that needs to be dealt with specifically is the defendant's contention that the verdict was larger than the evidence permitted on any view of it. It is true that upon the record it is difficult, if not impossible, to determine just how the jury arrived at the amount of the principal debt found due. The charge to the jury is not reported, and no exception raises any question as to any part of it. It

is not easy to determine upon just what theory the case was tried. It does appear, however, that one question was whether the defendant was entitled to retain, as fees, one third or one half of the money that admittedly he collected. It seems that there was no contention at the trial but that he was entitled to credit against the sum collected $4,300 paid by him at the direction of the plaintiff and with the assent of the plaintiff's intestate. The defendant also claimed that he was entitled to additional credits, but it would seem from the verdict that the jury did not see it that way. In any event, it seems obvious that, when the verdict was returned and before it was recorded, any inconsistency or discrepancy was apparent. It does not appear whether the defendant or his attorney was present when the verdict was returned. See *Dziegiel* v. *Westford*, 274 Mass. 291, 294. That was the appropriate time to have directed attention to the possible error or miscalculation of the jury. *Low Supply Co.* v. *Pappacostopoulous*, 283 Mass. 633, 636. It does not appear that the defendant requested any instructions as to any credits or the limit of damages that the jury would be warranted upon the evidence in finding. *Doyle* v. *Dixon*, 97 Mass. 208, 213–214. *Lukey* v. *Parks*, 279 Mass. 244, 249. See *Malden Trust Co.* v. *Perlmuter*, 278 Mass. 259. What, if anything, was said by the judge to the jury does not appear. In the circumstances, we are of opinion that no reversible error is shown.

*Exceptions overruled.*