JOHN S. CHAPLAIN *vs.* ADOLPHE DUGAS.

Worcester.    April 6, 1948. — June 10, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Contract,* Of employment, Performance and breach, Waiver. *Evidence,* Presumptions and burden of proof, Conflicting statements of witness. *Practice, Civil,* New trial. *Waiver.*

In an action for damages due to discharge by the defendant of the plaintiff in alleged violation of a contract of employment, the burden of proving an allegation in the answer that the discharge was justified was on the defendant.

In an action for damages due to discharge of the plaintiff by the defendant in violation of a contract of employment, a finding that the plaintiff had intentionally violated the contract was not required as a matter of law by oral testimony of the plaintiff and his answer to an interrogatory to the effect that he had departed from the defendant's instructions respecting the employment, where other testimony by the plaintiff was to the effect that there had been no such departure and he did not definitely adhere to any portion of his testimony to the exclusion of the rest.

At the trial of an action for damages due to discharge of the plaintiff by the defendant in violation of a contract of employment, a motion that a verdict be ordered for the defendant on the ground that the plaintiff had intentionally violated the contract was denied properly where there was evidence that, knowing of the plaintiff's violation, the defendant had continued the plaintiff in his employ.

The defendant in an action of contract had no standing as of right on a motion for a new trial to raise the point that the damages awarded were excessive as a matter of law.

CONTRACT. Writ in the Superior Court dated November 21, 1945.

The case was tried before *Donnelly*, J.

In this court the case was submitted on briefs.

*J. Y. Young, Nunziato Fusaro*, & *Nicholas Fusaro*, for the defendant.

*H. R. Sher* & *C. W. Tamulonis*, for the plaintiff.

WILKINS, J. The plaintiff sues for breach of a written contract to employ him for two years from June 1, 1944, as manager of a phonograph machine, or "juke box," business conducted by the defendant under the name of the Ace Amusement Company, and alleges a wrongful discharge on November 19, 1945. The answer, in part, alleges the plaintiff's wilful and intentional violation of the terms of the contract. There was a verdict for the plaintiff. The defendant's exceptions are to the denial of his motion for a directed verdict in his favor and to the denial of his motion for a new trial.

The defendant was the owner of a number of phonograph machines in various locations in the city of Worcester and vicinity. Under the contract the plaintiff was "subject to the general control" of the defendant, and his duties included changing records, servicing machines, finding new locations, and making collections. For this the plaintiff was to receive $100 weekly, a commission of five per cent of the gross receipts, and operating and travelling expenses. The defendant was to furnish the plaintiff an automobile for use in business and for the plaintiff's "personal use as permitted" by the defendant.

The plaintiff performed services under the contract until he received from the defendant a letter, dated November 19, 1945, reading as follows: "Effective today, please leave all keys, records, tubes, tools and other items belonging to Ace Amusement Co. with Mr. A. Morrissette. This note will advise you that you are no longer connected with this company. You have been notified that your operation was

not on a paying basis, and that I was forced to do something in order to save whatever I could from the operation known as Ace Amusement Co. or sell same. I find that the Ace Amusement, instead of increasing, is on the diminishing end. I have offered you a proposition and have told you that this offer would Saturday night close. So far as I am concerned, it is closed, as I cannot linger any longer." There was evidence upon which it could have been found that the proposition referred to in the letter was the care of certain gambling machines, which the plaintiff refused to assume; and that the defendant had told the plaintiff that, if the latter would not "go through with the plan to have gambling machines," the defendant would find a way to cancel the contract.

Whether the defendant was warranted in discharging the plaintiff before the expiration of the term of employment by reason of his conduct was an affirmative defence, the burden of proof of which rested upon the defendant; and, as an affirmative defence is commonly a question of fact, it rarely can be ruled as matter of law that it has been sustained. *Gold* v. *Spector*, 247 Mass. 110, 111, and cases cited.

The defendant, however, contends that there was error in the denial of his motion for a directed verdict because on the evidence most favorable to the plaintiff the latter was guilty of a wilful and intentional violation of the contract. As a general proposition it may be stated that a party to a contract who intentionally departs from its terms will be denied recovery. *Sipley* v. *Stickney*, 190 Mass. 43. *Jackson* v. *Boston Safe Deposit & Trust Co.* 310 Mass. 593, 595. *Walsh* v. *Atlantic Research Associates, Inc.* 321 Mass. 57, 62. As coming within this proposition, the defendant relies on certain testimony of the plaintiff, who testified that he understood that under the agreement he was to take his orders from the defendant; and that on an unstated date the defendant told the plaintiff that thereafter there was to be no more private use of the defendant's automobile. The plaintiff answered affirmatively to the tenth interrogatory propounded by the defendant: "During the period while you were in the employ of the defendant, did you use

the automobile furnished to you other than as directed to be used by your employer?" The plaintiff also testified that it was a fact that he had used the automobile other than as the defendant had instructed him to use it, and that the defendant had told him many times not to use the automobile except as he should direct him to use it. It is far from clear that the foregoing required a ruling as matter of law that there had been a wilful and intentional breach of contract. Besides, there was other testimony from the plaintiff. He testified that he could not remember whether he ever used the automobile other than as directed by the defendant; that probably he did so use it and probably he did not; that the defendant would map out routes for him; that he followed the defendant's instructions as to route to the best of his ability; that he "would not say that never once in all the instructions that defendant gave him as to the route did he ever vary from it; that there were occasions when he disregarded . . . [defendant's] instructions if business warranted it; that" he "would not deviate without defendant's consent, defendant knew about it"; that to the best of his recollection he might have deviated sometimes, but could not remember two years back; that if there came a time when for one reason or another he wanted to vary from his instructions, he first got in touch with the defendant and asked him if it were all right; and that he never on his own initiative varied from it without obtaining the defendant's approval. This testimony was conflicting, and the plaintiff did not definitely adhere to any part of it to the exclusion of the rest. *Fitzgerald* v. *McClymont*, 314 Mass. 497, 499. The answer to the interrogatory was not conclusive upon the plaintiff, who could rely upon other evidence more favorable to him. *Tighe* v. *Skillings*, 297 Mass. 504, 507. *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491, 493. *Champlin* v. *Jackson*, 317 Mass. 461, 463. See *Louka* v. *Park Entertainments, Inc.* 294 Mass. 268, 272.

For another reason it could not have been ruled as matter of law that the defendant was justified in discharging the plaintiff. The defendant testified that two months after

the plaintiff entered his employ he told him that the automobile was not to be used for the plaintiff's family, and that on later occasions he saw the plaintiff and his family riding in it without permission. In the circumstances, the jury could have found that the defendant, knowing of the breach of the contract of employment, retained the plaintiff in his service and thus waived any previous unauthorized use of the automobile as a ground for discharge. *Daniell* v. *Boston & Maine Railroad,* 184 Mass. 337, 340–341. *Osadchuk* v. *Gordon,* 251 Mass. 540, 544. Restatement: Agency, § 409. Labatt, Master & Servant (2d ed.) § 190. Williston, Contracts (Rev. ed.) § 725. There was no error in the denial of the motion for a directed verdict.

There likewise was no error in the denial of the motion for a new trial. The defendant's argument is confined to one ground, "That the damages awarded to the plaintiff were excessive as a matter of law." The verdict was in the amount of $2,332, and the defendant, who filed no requests for instructions, contends that the plaintiff by his testimony showed that he had made no effort to secure employment after January 1, 1946. It is unnecessary to detail the facts underlying this contention, because the defendant was not entitled as of right to raise this question on a motion for new trial. It should have been raised not later than at the time the verdicts were returned. *Low Supply Co.* v. *Pappacostopoulous,* 283 Mass. 633, 635. *Belkus* v. *Murdoch,* 315 Mass. 86, 88. *Phillips* v. *Larson, ante,* 87. The judge made no rulings of law, but merely denied the motion. No abuse of discretion appears. *Arena* v. *John P. Squire Co.* 321 Mass. 423, 428–429. We do not intimate that the defendant's contention is valid on the merits.

*Exceptions overruled.*