JENNIE I. FERGUSON *vs.* CHARLES E. WORTH.

Suffolk.    May 2, 1950. — September 13, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Motor vehicle, Contributory, Use of way.

A finding of negligence on the part of the operator of an automobile which in the daytime struck a pedestrian when she had walked a little more than half way across a street was warranted by evidence showing that the operator should have seen the pedestrian much sooner than he did and in ample time to avoid the accident, and that the speed of the automobile was excessive in the circumstances.

A ruling that a woman struck by an automobile while walking across a street forty feet wide in the daytime was guilty of contributory negligence as matter of law was not required by her testimony that she saw the automobile approaching her two hundred feet away when she was at the middle of the street, and that, without having seen the automobile again, she was struck after having walked a few feet farther.

TORT. Writ in the Superior Court dated December 30, 1946.

The action was tried before *Hanify, J.*

*W. F. Henneberry,* (*R. S. Sanderson* with him,) for the defendant.

*R. S. Bowers,* (*R. I. Moses* with him,) for the plaintiff.

SPALDING, J. On September 21, 1946, the plaintiff was struck by an automobile owned and operated by the defendant. To recover for personal injuries arising out of the accident she brings this action of tort. The jury found for the plaintiff, and the defendant's exception to the denial of his motion for a directed verdict brings the case here.

A summary of the evidence most favorable to the plaintiff is as follows: About noontime on the day of the accident the plaintiff, who had been shopping in Brookline, was returning to her home in Jamaica Plain. To do so it was necessary to cross the Jamaicaway which is approximately forty feet wide. It was a fine day and the traffic on the Jamaicaway was heavy in both directions. As the plaintiff arrived at the west side of the Jamaicaway she stopped at a point near where it is joined by Bynner Street to wait for a break in the traffic. When the break occurred she walked to the center of the street and then stopped and looked to her right (toward Forest Hills) to see if any automobiles were coming from that direction. She had a view of some four or five hundred feet in that direction and observed the defendant's automobile, which was coming toward her, at a point about opposite Castleton Street, approximately two hundred feet away. As the plaintiff was attempting to cross the remaining portion of the street and had gone "just a few feet from the center line" she was struck by the defendant's automobile; "she did not see the car again after she first saw it." The automobile came to a stop five or six car lengths beyond the point of the accident. The defendant testified that he did not see the plaintiff until he was about ten to fifteen feet from her.

The defendant argues that the evidence would not war-

rant a finding that he was negligent. We do not agree. From the testimony of the plaintiff that she had a view of four or five hundred feet to her right and that she saw the defendant's automobile when it was two hundred feet away, the jury could have inferred that in the exercise of ordinary care the defendant could have seen her long before he did. If he had seen her upon his arrival at Castleton Street (which is the point where she first observed him) or even after he had passed somewhat beyond that point, he would have had ample opportunity to avoid the accident. In such circumstances it cannot be said that there was nothing on which a finding of negligence could rest. *Perricotti* v. *Andelman*, 298 Mass. 461. *Mroczek* v. *Craig*, 312 Mass. 236. *McGovern* v. *Thomas*, 317 Mass. 740, 744, and cases cited. This is not a case like *Rizzittelli* v. *Vestine*, 246 Mass. 391, cited by the defendant, where there was no evidence tending to show that the defendant should have seen the plaintiff in time to avoid the accident.

Moreover, the facts that the defendant's automobile travelled some two hundred feet while the plaintiff had proceeded only a few feet and that it did not come to a stop until it had gone five or six car lengths beyond the point of the accident warranted a finding that it was travelling at an excessive speed in the circumstances.

The contention of the defendant that the plaintiff was guilty of contributory negligence as matter of law cannot be sustained. The plaintiff testified that she first saw the defendant's automobile when it was some two hundred feet away. True, she testified later that she did not see it until it was only twenty feet away, but her earlier statement was not withdrawn and remained for the consideration of the jury. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. *Fitzgerald* v. *McClymont*, 314 Mass. 497, 499, and cases cited. The conduct of the plaintiff in attempting to cross from the center of the street to the farther side, a distance of twenty feet, when the defendant's automobile was two hundred feet away cannot be said as matter of law to be negligent. *La Roche* v. *Singsen*, 281 Mass. 369, 371. She

was entitled to rely to some extent on the assumption that the defendant would see her and slow down in compliance with G. L. (Ter. Ed.) c. 90, § 14, and that he would in other respects exercise proper care in operating his automobile. *Sooserian* v. *Clark,* 287 Mass. 65, 68. *Stinson* v. *Soble,* 301 Mass. 483, 486. The question of the plaintiff's due care was one of fact to be determined by the jury.

*Exceptions overruled.*