WALTER R. LEE *vs.* JEROME REALTY, INC.

Worcester. September 23, 1958. — December 3, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his
rights, Elevator. *Negligence,* Elevator, Contributory.

Evidence that, at a time when a tenancy of the second floor of a four story
building began, a freight elevator maintained by the landlord for the
common use of all the tenants and the gravity gate on the second floor
in front of the elevator well were in good working condition, that several
years later that gate at times stuck and failed to drop as the elevator
went up, that four to six months after the gate was first observed not
to fall properly an employee of the tenant of the second floor was in-
jured when he fell into the well because the elevator had gone up and
the gate had not come down, and that a representative of the landlord
was around the building two or three days each week warranted find-
ings that the landlord should have discovered and remedied the con-
dition of the gate and that there was a breach of his duty to the em-
ployee. [152]

Evidence of the circumstances in which one was injured when, after ob-
serving that a freight elevator was at his floor and that the gravity
gate in front of the elevator well was up, he backed toward the elevator
pulling a hand truck after him and fell into the well because the ele-
vator had gone up and the gate, by reason of a defective condition,
had not come down, did not require a ruling that he was guilty of con-
tributory negligence. [153]

TORT. Writ in the Superior Court dated November 13,
1952.

The action was tried before *Goldberg,* J.

*Philip J. MacCarthy,* for the defendant.

*Seymour Weinstein,* for the plaintiff.

WILLIAMS, J. This is an action of tort to recover for personal injuries received on March 3, 1952, from a fall into an elevator well at 85 Prescott Street, Worcester, a four story building owned by the defendant. The plaintiff was employed as a supply handler by Paper Craft Greeting Card Company which occupied the second and third floors of the building under lease from the defendant. The basement or first floor and the fourth floor were occupied by other tenants. The lessor maintained a freight elevator for the common use of all of its lessees. It was of ordinary platform type operated by a shipper rope and could be stopped at any floor by adjusting a latch on the rope. A gate was provided at each floor which was designed to fall by gravity and to bar the opening into the well when the elevator left the floor. When the elevator was at any floor the gate could be raised manually and held in place by a kind of hook called a "duckbill" until released by the motion of the elevator. The fall of the gate was regulated to some extent by means of a counter weight. There was evidence that on March 3, 1952, the plaintiff, who had been employed by the card company for several months, was working on the second floor and was engaged in sending up to the third floor skids of cards which he brought to the elevator by a hand truck. He had been sending up these loads of cards every ten or fifteen minutes during the morning. The elevator then seemed to be working properly. About 1:00 P.M. he pulled a truck loaded with skids of cards to the entrance of the elevator and noticed that the elevator was at the floor level and that the gate was up. He pushed the truck back some ten feet in order to get momentum to pull it over some rough boards to the elevator and then backed toward the elevator pulling the truck after him. For some reason the elevator had gone up. The gravity gate had not come down, and the plaintiff went through the opening and fell to the bottom of the well.

An elevator inspector for the city came shortly thereafter

and found that the gate on the second floor was "stuck open"; that the rope connecting the gate with the counter weight was "caught"; that the gate was a "little out of square" with its runway and (refreshing his recollection) that "the gate was out of the runway." A motion by the defendant for a directed verdict was denied subject to its exception, and the jury returned a verdict for the plaintiff.

The obligation of the defendant in respect to the maintenance of its elevator comes within the rule as to common hallways and stairways which remain in the control of the lessor. *Andrews* v. *Williamson*, 193 Mass. 92, 94. *Flanagan* v. *Welch*, 220 Mass. 186, 191. *Mikkanen* v. *Safety Fund Natl. Bank*, 222 Mass. 150, 153. That obligation in the instant case was to use reasonable care to maintain the elevator and gates in as good a condition as they were, or appeared to be, at the time of the letting to the tenant. *Sneckner* v. *Feingold*, 314 Mass. 613, 614, and cases cited.

There was evidence that the card company became a tenant of the defendant about 1948, at which time the elevator and the gates were in good working condition. During a period of from four to six months previous to the accident the plaintiff and one or more fellow workmen had observed that the gate on the second floor at times failed to drop when the elevator went up and this was reported to the supervisor of the card company. Although there was no direct evidence that the defendant was notified, its president was around the building two or three days each week. While the exact cause of the failure of the gate to drop was not shown, it was inferable from the evidence that the "shoes" of the gate which slide up and down a guide rail were not properly adjusted to the rail, causing the gate to stick.

We are of opinion that the jury could have found that the defendant should have discovered the condition of the gate and was negligent in failing to put it back in proper working condition. *Follins* v. *Dill*, 221 Mass. 93, 98. *Silver* v. *Cushner*, 300 Mass. 583. *Chambers* v. *Durling*, 306 Mass. 327. *Story* v. *Lyon Realty Corp.* 308 Mass. 66, 70–71.

It is plain from the circumstances that the question of the plaintiff's due care was for the jury. *Hamilton* v. *Taylor,* 195 Mass. 68. *Follins* v. *Dill,* 221 Mass. 93, 98.

*Exceptions overruled.*