CHARLES J. DUFFY vs. JOHN CAPOBIANCO.

Worcester. April 2, 1963. — May 6, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* One owning or controlling real estate, Contractor, Manhole, Contributory.

Evidence warranted a finding that a contractor in control of a nearly completed school building in which there was an open utility manhole in the floor immediately behind an entrance door was negligent toward a business invitee who, upon walking backwards pulling a hand truck through the door past an employee of the contractor who had opened the door for him and had said something in a language unintelligible to him, fell into the opening and was injured [50]; and did not require a ruling as matter of law that the invitee was guilty of contributory negligence. [50–51]

TORT. Writ in the Superior Court dated June 29, 1959.

The action was tried before *Vallely,* J.

*Francis H. George* for the plaintiff.

*Berge C. Tashjian (Henry P. Monaghan* with him) for the defendant.

KIRK, J. In this action of tort for alleged negligence resulting in personal injuries to the plaintiff (Duffy) the only exception is to the entry of a verdict for the defendant under leave reserved following a verdict for the plaintiff. G. L. c. 231, § 120. The standard of review is familiar. *Morton* v. *Dobson,* 307 Mass. 394, 396. *Adams* v. *Herbert,* 345 Mass. 588, and cases cited.

We summarize the evidence, including photographic exhibits, in the aspect most favorable to Duffy. On the day of the accident the defendant Capobianco, a contractor, was concededly in control of a building which was ninety-nine per cent complete and which was to be used as a high school in Shrewsbury. Duffy, an employee of the Coca-Cola Bottling Company, whose main duties were to install and remove his company's coolers, had been in the building once

before when, six months prior to the accident, he and one Mahoney, a fellow worker, had installed a cooler in the building. The building was then in the very early stages of construction, just the framework was up, and there was no entrance. On October 29, 1958, the day of the accident, pursuant to instructions, Duffy and Mahoney went to the school to move the cooler to a new location in the building. Duffy was not familiar with the layout of the building. Mahoney went directly into the building to locate the cooler and was not seen again by Duffy until after the accident. Duffy lowered from his vehicle a two wheeled hand truck with curved handles which weighed about 160 pounds and was about two feet wide. He moved backward along the sidewalk toward the double door of the building. Each of the doors was solid except for a panel of safety glass about eight inches wide with wire in it. In front of the doors was a landing which was about one step above the level of the sidewalk. The landing, measured from the edge of the step to the outside doors, was four feet and two inches deep. The overall width of the entrance when both doors were open was five feet four inches. While Duffy, moving backward, was pulling the hand truck over the step, he looked over his shoulder and saw one Palmiri, an employee of the defendant, who was opening the right door for him. Palmiri said something to Duffy in a language which Duffy did not understand. As he passed Palmiri, who stood with his back against the door to permit him to pass with the hand truck, he smiled, thanked him, took one step backward, and fell into an opening in the floor and was injured. The opening was four or five feet deep, three feet wide, and four and one-half feet long. It gave access to a utility tunnel through which the pipes of the building ran. Palmiri and another employee of the defendant had been removing rubbish from the tunnel. A steel plate trap door with spring hinges served as a cover for the opening. When open, the cover was perpendicular to the pit, and could be seen from the entrance if both entrance doors were open, or if only the left entrance door was open, but not if only the right

entrance door was open. In the wing of the building where the accident took place, there were two other entrances, one of which had a loading platform so that a truck could back up to it.

We think that the questions of negligence and contributory negligence were properly submitted to the jury, and that the verdict should not have been disturbed. The defendant was in control of the building, and Duffy's status was that of a business invitee. In these circumstances, the defendant owed to Duffy the duty to use reasonable care to keep the premises in a reasonably safe condition or to warn him of dangers that were not likely to be known to him, and the existence of which the defendant knew or ought to have known. *Noble* v. *Park Enterprises, Inc.* 313 Mass. 454, 457–458. The case is not one where construction work was openly and visibly being performed and where one entering the premises must expect to encounter conditions and risks that naturally result therefrom, as in *Forgione* v. *Frankini Constr. Co.* 308 Mass. 29, 31. Nor can it be said on the evidence that the hazard was one which the defendant could assume Duffy was familiar with, or could be expected to encounter, or that it was open and obvious as in *Lookner* v. *New York, N. H. & H. R.R.* 333 Mass. 555, or *St. Rock* v. *Gagnon,* 342 Mass. 722. It was for the jury to say whether the defendant in the performance of his duty to persons such as the plaintiff should have secured the entrance doors, placed barriers, or taken other measures reasonably calculated to prevent a fall into the opening immediately behind the doors. If an oral warning was to be given it should have been given in terms which were reasonably intelligible to one entering the premises.

Similarly it cannot be said that Duffy was contributorily negligent as a matter of law in moving backward while maneuvering the hand truck over the front step and through the entrance door held open by Palmiri. In this aspect the case for the plaintiff is stronger than in *Lee* v. *Jerome Realty, Inc.* 338 Mass. 150, 151, 153, where the plaintiff was an employee of the lessee of two floors of the building whose

tenants were served by a common elevator maintained by the defendant owner. There the plaintiff thinking the freight elevator was still in position and that the gate was up, pulled a hand truck backward over some rough boards and fell into the open shaft. The due care of the plaintiff was there held to be for the jury. We perceive no reason to hold otherwise here. The exceptions are sustained, and judgment is to be entered on the verdict returned by the jury.

*So ordered.*