## STEPHEN J. DELANO *vs.*
## GARRETTSON-ELLIS LUMBER COMPANY.

Hampden.   February 9, 1972. — March 31, 1972.

Present: CUTTER, SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Snow and Ice.   Negligence,* Invited person, One owning or controlling real estate, Snow and ice.   *Evidence,* Conflicting statements of witness.   *Notice.*

Where the plaintiff in an action of tort was a truck driver employed by a customer of the defendant and was injured from a fall on snow and ice at the defendant's premises, it was for the jury to resolve inconsistencies in the plaintiff's testimony about the location of his fall [502], and to determine whether he fell in an area under the defendant's control and within the scope of a general invitation by the defendant to pedestrian business invitees [502, 503], whether he fell because of snow and ice remaining after negligent clearing by the defendant [503], and whether the fall occurred at the place and resulted from the cause stated in plaintiff's statutory notice [503–504].

TORT.   Writ entered in the Superior Court on March 6, 1967.

The action was tried before *Macaulay,* J.

*John J. C. Herlihy* for the defendant.

*John D. Ross, Jr.,* for the plaintiff.

BRAUCHER, J.   The plaintiff in this action of tort claims damages for personal injuries suffered in a fall on snow and ice on the defendant's premises.   He alleged that he was an invitee, that the defendant was negligent in clearing the snow and ice, and that pedestrian traffic and natural forces caused an artificial accumulation of snow and ice, resulting in the fall.   After a jury verdict for the plaintiff, the case is before us on the defendant's exceptions.   The defendant argues only its exception to the denial of its motion for a directed verdict.   There was no evidence, it argues, to warrant conclusions that the invitation to the plaintiff extended to the place where he fell, that the fall was caused by a defective condition resulting from the defendant's fault, that the area was possessed by the defendant, that the cause of the injury

was an artificial accumulation of ice, or that the defendant was not misled by the inaccurate description of the cause of the injury in the statutory notice (G. L. c. 84, §§ 18–21, as amended).

We summarize the evidence most favorable to the plaintiff. He was a truck driver employed by a customer of the defendant, and on January 29, 1965, went in a truck to the defendant's premises to pick up a truckload of crates. In walking from the office to the crate shop, looking for the defendant's foreman, while on the most direct route between them, the plaintiff fell on snow and ice and sustained injuries. His attorney gave the defendant notice of the injury and the time, place and cause thereof by a letter dated February 25, 1965, and served on the defendant on March 1, 1965, a Monday. The letter of notice fixed the place of fall about twenty-five feet out from the entrance to the crate shop, in a straight, direct line. It attributed the fall to an "artificial accumulation of ice" and an "icy condition," resulting from negligence of the defendant's employees in clearing, compression by pedestrian traffic and freezing by the operation of natural forces, and stated that the area was in an unsanded condition. Answers by the defendant to interrogatories stated that the area was controlled by it.

According to the plaintiff's testimony, the fall took place as he walked toward the crate shed at a point thirty to thirty-five feet from the crate shed. The area was like "muddy ice," with tire marks and ruts three and four inches deep, covered and obscured by about half an inch of powdery snow. The defendant's foreman testified that the area was level and blacktopped when there was no snow on it, and that he had plowed the area and sanded it a few days before. A meteorologist testified that ten inches of snow fell on January 23, one inch on January 24, one inch on January 25, a trace on January 26, none on January 27, 28 or 29, and that there were melting temperatures on January 26 and 27 but not on January 28 or 29.

There was conflicting testimony, and the plaintiff him-

self gave testimony which cannot be reconciled with the testimony summarized above. Before falling, he said, he had walked through a long building, but at different points in his testimony he identified two different buildings as the building he had walked through. He put a cross mark on a blackboard sketch, to mark the place of fall, at a point which cannot be reconciled with the rest of his testimony. Much of the defendant's argument rests on the assumption that the plaintiff is bound by one or another aspect of his testimony. But it is well settled that it is for the jury to resolve such inconsistencies in the plaintiffs' testimony. The plaintiff did not adhere definitely to one statement in preference to another as being the truth. *Ruane* v. *Doyle,* 308 Mass. 418, 422. *Fitzgerald* v. *McClymont,* 314 Mass. 497, 499. *Ventromile* v. *Malden Elec. Co.* 317 Mass. 132, 136. *Ferguson* v. *Worth,* 326 Mass. 336, 338. See *Sanborn* v. *Brunette,* 315 Mass. 231, 237. We bear in mind not only the photographs of the area which are before us, but also the fact that the jury took a view.

1. There is no dispute that the plaintiff came on the premises of the defendant as a business visitor. After stopping at the office, the jury could find, he went to look for the defendant's foreman and fell in an area which was within the scope of a general invitation by the defendant to pedestrian invitees. *Watts* v. *Rhodes,* 325 Mass. 697, 699. *Lajeunesse* v. *Tichon's Fish & Fillet Corp.* 328 Mass. 528, 529–530. *Benjamin* v. *O'Connell & Lee Mfg. Co.* 334 Mass. 646, 649–650. *Rosenston* v. *Bickford Shoes, Inc.* 340 Mass. 769, 771–772. *Duffy* v. *Capobianco,* 346 Mass. 48, 50. *Thomas* v. *Tom's Food World, Inc.* 352 Mass. 449, 451. There is nothing in the defendant's argument that as a truck driver the plaintiff could properly leave his truck only to go to the office. We need not consider whether the defendant's invitation extended to each place where the plaintiff had been before he fell. Compare *Cohen* v. *Davies,* 305 Mass. 152, 154–155; *Greenfield* v. *Freedman,* 328 Mass. 272, 275; *Cronin* v. *Universal Carloading & Distrib. Co. Inc.* 348 Mass. 645, 650–651.

2. There was evidence that the plaintiff fell in an area used by pedestrians, that the area was paved and had no special footpaths or walks, and that the defendant's foreman took responsibility for plowing and sanding the area. The plaintiff's testimony to a condition like "muddy ice," with ruts three and four inches deep, covered and obscured by a half inch of snow, was reinforced by the meteorologist's testimony about snowfall consistent with such a condition. The jury could infer that the clearing was negligently done and that the resulting condition was negligently allowed to continue for several days. *Lanagan* v. *Jordan Marsh Co.* 324 Mass. 540, 541–542. *Willett* v. *Pilotte,* 329 Mass. 610, 613. There was evidence that the plaintiff did not fall in a vehicular way. See *Green* v. *Wilmington,* 339 Mass. 142, 144, and cases cited.

3. Control of the area in front of the crate shop was admitted in the defendant's answers to interrogatories, and confirmed by the testimony of the defendant's foreman. G. L. c. 231, § 89. *Smith* v. *Boston Elev. Ry.* 262 Mass. 18, 21–22. Compare *Chaplain* v. *Dugas,* 323 Mass. 91, 93–94. The only question with respect to control was whether the plaintiff fell there or somewhere else. That question was for the jury.

4. The defendant makes a major point of the allegations in the plaintiff's notice and declaration of an "artificial" accumulation of snow and ice, equating "artificial" to "unnatural." It argues that ruts in a snow-covered truck passageway constitute a "natural" accumulation, citing *Bamberg* v. *Bryan's Wet Wash Laundry Inc.* 301 Mass. 122, 123–124, and *Karp* v. *Boott Mills,* 348 Mass. 768. This contention seems to rest on the assumption that the plaintiff fell in an area used only by trucks rather than in an area which was the subject of a general invitation to pedestrian invitees. Compare *Glynn* v. *Blomerth,* 312 Mass. 299, 301–302. On the present record, where the fall occurred was a question for the jury.

5. The defendant also contends that it was misled by the plaintiff's notice. We need not pass on the effect of an inaccuracy in stating the place of injury, since the jury

could have found that the fall occurred at the place and resulted from the cause stated in the notice. *Medeiros* v. *Somerset*, 306 Mass. 557, 560. *Carey* v. *Malley*, 327 Mass. 189, 193. Compare *Dooling* v. *Malden*, 258 Mass. 570, 572; *Crowell* v. *Malden*, 273 Mass. 456, 460; *Hebb* v. *Gould*, 314 Mass. 10, 14. The defendant did not give counter notice that the plaintiff's notice was insufficient. G. L. c. 84, § 20, as appearing in St. 1939, c. 147.

*Exceptions overruled.*