ALBERT E. GOMES *vs.* GOLDIE E. FAGERBERG. December 5, 1980. The plaintiff, a prospective purchaser of lots under a written option, brought the action to recover damages occasioned by the defendant's alleged

---

[1] Craig A. Foster.

refusal to convey lots to him in accordance with the terms of the option. The defendant has appealed from a judgment awarding such damages. The defendant's contention that there was, as matter of law, no consideration to bind the option is insupportable, because there was evidence from which the jury could properly infer, as they apparently did, that the plaintiff would not have purchased lots two, three, four and five from the defendant unless she had given him the option to purchase additional lots and that the purchase and sale agreement and the option were executed together at the same time, as part of a single understanding. There was no necessity that either instrument refer to the other, and both instruments were supported by the same consideration. *Brown* v. *Grow*, 249 Mass. 495, 500-501 (1924).

We construe the option agreement (no contrary construction is urged) as having given the plaintiff a right to purchase during the option period any or all of the defendant's remaining seventeen lots fronting on Rocky Meadow Street. The plaintiff testified that in October, 1971, he had told the defendant that he was ready to buy a lot designated as G-6 and that he "would be paying cash for it"; that the defendant had stated that she could not convey at that time because a surveyor hadn't finished certain work; that he had approached the defendant again in November, looking for a conveyance of lots G-6, G-8 and G-16, on which he stated he had taken deposits, presumably from prospective home buyers, but that the defendant had declined, again citing the delay of the surveyor; that in early February, 1972, he had approached the defendant's son, stating that he was waiting for conveyances and that he "was ready, willing and able to buy"; that at a subsequent meeting the defendant's son told him that he could purchase only certain of the seventeen lots, and that unless he paid cash for those lots "that very afternoon before I left . . . he wouldn't convey anything to me"; and that the plaintiff shortly thereafter wrote a letter to the defendant asking for a passing of title to lots G-8 and G-16 on March 15, 1972. The defendant, by her own testimony, admitted that she told the plaintiff unequivocally that she repudiated the option agreement and would not convey any further lots to him. The jury, by disregarding (as they could) the evidence offered by the defendant concerning the plaintiff's financial limitations, could find on this evidence that the plaintiff had been willing and able to exercise the option with respect to lots G-6, G-8 and G-16. Tender was excused by the defendant's unequivocal repudiation. See *Lowe* v. *Harwood*, 139 Mass. 133, 135-136 (1885); *Foternick* v. *Watson*, 184 Mass. 187, 193 (1903); *Schilling* v. *Levin*, 328 Mass. 2, 5 (1951); *Shepard* v. *Finance Associates*, 366 Mass. 182, 195 (1974); *Limpus* v. *Armstrong*, 3 Mass. App. Ct. 19, 22 (1975). Contrast *Hurd* v. *Cormier*, 358 Mass. 736, 739 (1971), where no showing was made of unequivocal repudiation.

Questions concerning the amount of the verdict and alleged inconsistencies in the jury's answer to two of the four special interrogatories

should have been raised at the time the verdicts were returned; the defendant was not entitled as of right to raise these issues later on a motion for a new trial. *Belkus* v. *Murdoch*, 315 Mass. 86, 88 (1943). *Chaplain* v. *Dugas*, 323 Mass. 91, 95 (1948). No abuse of discretion appears.

*Order denying motion for new trial affirmed.*
*Judgment affirmed.*

*Willis A. Downs* for the defendant.
*Talbot T. Tweedy* for the plaintiff.