Lauriat, J.
Plaintiff Sandra A. Stober (“Stober”) was injured when she slipped and fell on ice in a parking lot of a store owned by defendant Lechmere, Inc. (“Lechmere”) in December 1994. She brought this personal injury action against Lechmere, claiming that it negligently allowed ice to accumulate on the surface of the parking lot and to remain there for an unreasonable amount of time.
Lechmere has now moved for summary judgment. For the reasons which follow, Lechmere’s motion is allowed.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving pariy is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The duty owed by a property owner to someone lawfully on the owner’s premises is one of reasonable care in the circumstances. Sullivan v. Brookline, 416 Mass. 825, 826 (1994). However, this duly is not violated by a failure to remove a natural accumulation of snow or ice. Id.; Anderson v. Fox Hill Village Homeowners Corporation, 424 Mass. 365 (1997). Liability is possible only where some act or failure to act has changed the condition of naturally accumulated snow and ice. Alyward v. McCloskey, 412 Mass. 77, 80, n. 3 (1992). Where there is no evidence that the accumulation was caused by an alteration of the land by the property owner, judgment as a matter of law is appropriate. McManus v. Muzyka, 329 Mass. 770 (1953).
*701 In the present case, Stober, in an effort to demonstrate that the ice on which she slipped accumulated unnaturally, has asserted that defective drainage of the parking lot allowed water to accumulate and then freeze. In support of this assertion, she has submitted the affidavit of her civil engineering expert, Professor Frank DeFalco.[1] Additionally, she contends that weather data that Lechmere has supplied demonstrates that Lechmere allowed the ice to remain in the parking lot for an unreasonable amount of time. The court finds neither argument persuasive.
First, Professor Falco’s affidavit is based on observations of the parking lot some time after Stober’s accident. Thus, it fails on its face to establish that ice unnaturally accumulated in the lot on the day of the accident. Secondly, and more fundamentally, the affidavit does not spell out in any detail how Lechmere’s “inappropriate grading which deviates from established civil engineering practice” caused an unnatural accumulations of ice. The affidavit merely states, in a conclusory fashion, that the grading allowed pools of water to develop in the lot. This is insufficient to create a question of material fact as to whether the accumulation was unnatural. See Pritchard v. Mabrey, 358 Mass. 137, 145 (1970) (requiring specific evidence that construction of defendant’s building caused water to drip from building onto public sidewalk). Stober has failed to present evidence that some act of Lechmere’s altered the natural flow of water on the land. Sullivan, 416 Mass. at 827-28.
The theoiy advanced by Stober in Professor Falco’s affidavit and at oral argument — that Lechmere’s parking lot was defectively designed — was not elucidated in her complaint. Beyond alleging “a natural and unnatural accumulation of ice” in the parking lot, Stober made no allegation that Lechmere’s faulty design of the parking lot led to any natural accumulation. Thus, Stober now attempts to rely on a legal theoiy — in essence, a “defective premises” theoiy— that was not articulated in her complaint.
Finally, the court concludes that the weather data cited by Stober fails to create a material question of fact as to whether the accumulation of ice remained in the parking lot for an unreasonable amount of time. See Delano v. Garrentson-Ellis Lumber Co., 361 Mass. 500, 503 (1972). Stober has presented no evidence of ruts, mud, or other factors indicating the ice was present for a significant time. Compare id.
The court concludes that Lechmere has successfully demonstrated that Stober is unlikely to establish at trial that the accumulation of ice was unnatural or was present for an unreasonable time. Hence, she is unlikely to prevail on a crucial element of her claim, and summaiy judgment is appropriate. See Flesner, 410 Mass. at 809 (1991).
ORDER
For the foregoing reasons, Lechmere, Inc.’s Motion for Summary Judgment is ALLOWED.

 Lechmere has moved to strike DeFalco’s affidavit and the accompanying photograph. The court declines to rule on Lechmere’s motion and, for the purposes of this decision, will consider these documents and give them appropriate weight.